BOGAN v. CAROLINA CENTRAL RAILROAD.

(Filed October 29, 1901.)

1. VERDICT—*Directing Verdict—Evidence—Conflicting.*

   The court should not direct a verdict for the defendant where the evidence is conflicting.

2. NEGLIGENCE—*Contributory Negligence—Last Clear Chance—Railroads.*

   Contributory negligence of the injured party will not defeat a recovery if it is shown that the defendant could have avoided the accident by exercising reasonable care.

ACTION by J. S. Bogan and wife Della A. Bogan against the Carolina Central Railroad Company, heard by Judge *Frederick Moore* and a jury, at May Term, 1901, of the Superior Court of RICHMOND County. From a judgment for the plaintiffs, the defendant appealed.

*Jas. A. Lockhart,* for the plaintiffs.
*W. H. Day,* for the defendant.

DOUGLAS, J. This is an action for the recovery of damages for injuries received by the plaintiff by being knocked off a trestle by the defendant's train. The issues and answers thereto were as follows:

"1. Was Della Ann Bogan injured by the negligence of the defendant? A. 'Yes.'

"2. Did she by her own negligence contribute to her injury? A. 'Yes.'

"3. Notwithstanding her negligence, could the defendant, by the exercise of ordinary care, have prevented the injury? A. 'Yes.'

"4. What damages, if any, has plaintiff sustained? A. '$1,500.' "

The defendant asked the Court to direct a verdict in its favor upon all the issues. As the evidence was conflicting, this request was properly refused. *Spruill v. Ins. Co.,* 120 N. C., 141; *Manufacturing Co. v. Railroad,* 128 N. C., 280, and cases therein cited.

The able counsel for the defendant contended that as the plaintiff testified that she was walking upon the trestle on Sunday afternoon with a man whom she has since married, and in whom she was then "deeply interested," neither of them was in a mental condition to see or hear anything except each other, and their going upon the trestle in such a frame of mind was negligence *per se.*

The learned counsel for the plaintiff seems to tacitly admit this proposition, but contends that as the jury have found that the defendant, by the exercise of ordinary care, could have prevented the injury notwithstanding the negligence of the plaintiff, this Court should not deny to a young bride-expectant the protection which the English Court of Exchequer extended to a hobbled donkey browsing in the public highway.

The Court charged the jury that if they believed the evidence they would find that the plaintiff was guilty of contributory negligence, and they so found. The plaintiff having won the case, does not appeal.

The charge was full and explicit, and, as far as we can see,

without error.   Its essential features are substantially embodied in the following extracts: "That the burden of proving by the greater weight of the evidence the first, third and fourth issues was upon the plaintiff."

"That if the jury found from the evidnece that the defendant's servants in charge of the engine either discovered, or by exercising ordinary care might have discovered, that the plaintiff was walking upon the trestle, and was so situated that she could not, without peril, owing to her position on the trestle and the length and height of the trestle, get off the trestle in time to escape the train moving as it was, and that the defendant's servants in charge of the engine could, by the exercise of ordinary care, have stopped the train and avoided the accident after seeing the plaintiff in a place of peril on the trestle, or after they should have seen her and failed to do so, and the plaintiff was injured thereby, they should answer the first issue 'Yes.' "

"It was not the duty of the defendant, through its engineer, to lessen the speed of its train as it approached the trestle, until he had reasonable grounds to believe that the female plaintiff was on the trestle and not capable of caring for herself, and that if the jury find that as soon as the engineer discovered, or by the exercise of ordinary care could have discovered, that the female plaintiff was upon the trestle and in a place of danger, he did all in his power to stop the train, they will answer the first issue 'No' and the third issue 'No.' "

"If the engineer saw the female plaintiff while upon the track, and not upon the trestle of defendant, walking in front of the engine which was moving, he had the right to assume she would get off the track and take care of herself up to the last moment, and it would not be his duty to slack the speed or stop the train until he had reason to believe she was upon the trestle, and if the female plaintiff was injured under such circumstances, the law will impute it to her own negli-

gence, and you will answer the first issue 'No' and the third issue 'No.' "

"If the plaintiff was guilty of contributory negligence, and if the jury find from the evidence that the defendant could, by the exercise of ordinary and reasonable care, have avoided the injury, and failed to do so, and had the last clear chance to so avoid it, then the jury will answer the third issue 'Yes.' "

"You must be governed by the instructions applicable to the third issue which have already been read, just as though they were now re-read."

All these instructions were excepted to by the defendant, but we do not see how any of such exceptions can be sustained under our long and unbroken lines of authorities from *Gunter v. Wicker,* 85 N. C., 310, to the present time. The principle was fully settled at least as far back as *Pickett v. Railroad,* 117 N. C., 616, 30 L. R. A., 257, 53 Am. St. Rep., 611, where the doctrine is elaborately discussed. Among the more recent cases may be cited *Fulp v. Railroad,* 120 N. C., 525; *McLamb v. Railroad,* 122 N. C., 862; *Cox v. Railroad,* 126 N. C., 103; *Arrowood v. Railroad,* 126 N. C., 629.

The defendant excepted to the submission of the third issue, but such an issue was necessary for the proper determination of the case. Its form was practically suggested by this Court in *Denmark v. Railroad,* 107 N. C., 185, 189, and has since been repeatedly approved, expressly so in *Cox v. Railroad,* 126 N. C., 103. It is in almost the exact words used by Lord Campbell in *Dowell v. Navigation Co.,* 5 Ellis & B., 195 (85 E. C. L. R.), quoted with approval in the leading case of *Tuff v. Warman,* 89 E. C. L. R., 739, 756, where he says: "In some cases there may have been negligence on the part of the plaintiff remotely connected with the accident, and in those cases the question arises whether the defendant by the exercise of *ordinary care and skill,* might have avoided the accident, *notwithstanding the negligence of the plaintiff,*

as in the oft-quoted donkey case, *Davies v. Mann.* There, although without negligence of the plaintiff the accident could not have happened, the negligence is not supposed to have contributed to the accident within the rule upon this subject." The case therein cited (*Davies v. Mann,* 10 M. & W., 545), in which the plaintiff's immortal donkey by its death established a great principle and left a world-known name, is regarded as the origin of the rule. The plaintiff fettered the front feet of his donkey and turned him into a public highway to graze. The defendant's wagon, coming down a slight descent at a "smartish" pace, ran against the donkey and knocked it down, the wheels of the wagon passing over it. The poor brute meekly closed its wearied eyes and gave up the ghost, an apparently immortal spirit that has long since put Banquo's ghost to shame. From such an humble beginning arose the great doctrine of the "last clear chance." In that case Lord Abinger, C. B., says: "The defendant has not denied that the ass was lawfully in the highway, and therefore we must assume it to have been lawfully there; but even were it otherwise, it would have made no difference, for, as the defendant might, by proper care, have avoided injuring the animal and did not, he is liable for the consequences of his negligence, though the animal might have been improperly there." Again, Park, B., says: "Although the ass may have been wrongfully there, still the defendant was bound to go along the road at such a pace as would be likely to prevent mischief. Were this not so, a man might justify driving over goods left on the public highway, or even over a man lying asleep there, or the purposely running against a carriage going on the wrong side of the road."

It is impossible to follow this case through its thousands of citations in nearly every jurisdiction subject to Anglo-American jurisprudence. The Supreme Court of the United

States, in *Railroad v. Ives,* 144 U. S., 408, thus lays down the doctrine of contributory negligence as modified by that of the *last clear chance:* "Although the defendant's negligence may have been the primary cause of the injury complained of, yet an action for such injury can not be maintained if the proximate and immediate cause of the injury can be traced to the want of ordinary care and caution in the person injured, subject to this qualification, which has grown up in recent years (having been first enunciated in *Davies v. Mann,* 10 M. & W., 546), that the contributory negligence of the party injured will not defeat the action, if it be shown that the defendant might, by the exercise of reasonable care and prudence, have avoided the consequences of the injured party's negligence." The doctrine was distinctly adopted in this State in *Gunter v. Wicker,* 85 N. C., 310, where the Court says with approval: "The rule is thus laid down by a recent author, 'Notwithstanding the previous negligence of the plaintiff, if, at the time when the injury was committed, it might have been avoided by the exercise of reasonable care and prudence on the part of the defendant, an action will lie for damages"—citing *Davies v. Mann.* The rule thus laid down has ever since met the uniform approval of this Court, and is too well established to be the further subject of controversy. A large majority of text-writers sustain the rule. It is true one or two criticise it with more or less severity, but they are no match for the avenging ghost of Davies' donkey.

The origin of the doctrine of contributory negligence is generally ascribed to the case of *Butterfield v. Forrester,* 11 East, 60. There, the defendant, for the purpose of making some repairs to his house, which was close by the roadside, had put a pole across this part of the road, a free passage being left by another branch or street in the same direction. The plaintiff, about candle-light, but while there was yet

light enough left to discern the obstruction at 100 yards distance, while riding very rapidly, rode against the pole and was thrown and badly hurt. The Court directed a jury that, "If a person riding with reasonable and ordinary care could have seen and avoided the obstruction, and if they were satisfied that the plaintiff was riding along the street extremely hard and without ordinary care, they should find a verdict for the defendant." This charge was sustained on appeal. Two things are noticeable in this case.    The active negligence was that of the plaintiff, who alone had the last clear chance, and in spite of the fact that the testimony was apparently uncontradicted, the question was submitted to the jury.    This doctrine, thus first enunciated in a most reasonable form, was soon carried beyond what could ever have been contemplated by the original case. Some Courts went so far as to say that the plaintiff could not recover if he was in the slightest degree negligent, no matter how gross might be the negligence of the defendant; and that the plaintiff must not only prove the negligence of the defendant, but must also affirmatively disprove any negligence on his part.    Carried to such extremes, the doctrine finally became a burden upon the judicial conscience of the age, especially where human life was concerned; and hence the prompt and general approval given to the case of *Davies v. Mann.*    This latter case, though a modification to a greater or less extent of many cases professedly based upon *Butterfield v. Forrester,* was not in substantial conflict with that case itself, but rather a just extension of its underlying principles.

As we find no error in the charge, which was based on evidence tending to prove every contention of the plaintiff, the judgment is

Affirmed.