TERRE LI., Justice.
About 1:30 P.M., November 23, 19S3, a clear day, Clyde Wadford was driving easterly on Highway 580 in Hillsborough County. He saw friends approaching in the opposite direction and stopped, parked his car from 30 to 36 inches off the pavement and crossed the road for a word with his friends. He returned to his automobile in a few minutes and saw defendant’s ice truck driven by James Sylvester Becton approaching from the west. The evidence is in conflict as to how fast Becton was driving. It appears that decedent’s automobile was a 1941 Chevrolet two-door convertible, the doors measuring 40 to 42 inches in width. It is alleged that decedent was standing by the side of his car in a position of safety but as the truck passed, he opened the door in the path of the truck, was struck down and killed.
The paved road was more than 26 feet wide at the point of impact and decedent’s car was parked parallel to the road. The car door was approximately 9 inches wider than the distance from the car to the edge of the pavement and the truck bed extended slightly beyond its - front fender and running board.- .It is contended that when the truck struck the door to the car, it was pulled beyond its maximum opening range against the left front fender from where it sprung back in a half opened position and either struck the decedent or the force of the impact threw him against the side of the truck resulting in his death. There are other theories as to how the accident came to pass but they are not explored. His body came to rest on the shoulder of the road, his left foot on the edge of the pavement, his right foot off the pavement and his head under the edge of his car at a 40-degree angle from the pavement. Apparently no. other traffic was passing, nor were there other witnesses to the accident.
The testimony as to most of these allegations, the speed of the truck, as well as other elements of the tragedy, was in hopeless conflict. Appellant contends that it is' evident from the photographs in evidence that the point of impact was about one inch inside the right front corner of the body of the 'truck where there is a mark which establishes the point of impact. This is .not an unreasonable deduction. It is certain that if the driver of the truck had veered slightly to the left as reasonable caution would dictate, the accident would have been avoided. The plaintiff . requested a charge on the “last clear chance” which' was refused. The jury returned a verdict for defendant,’ new trial was denied and the plaintiff appealed.
Account of the hopeless conflict in the evidence on so many material points and for other reasons not essential to expand, we think the charge on last clear chance should have been given. Wawner v. Sellic Stone Studio, Fla., 74 So.2d 574, and Merchants’ Transp. Co. v. Daniel, 109 Fla. 496, 149 So. 401. This court has long been committed to the doctrine that a motor car is a dangerous instrumentality and that those who take them on the highway are charged with that knowledge. 'The truck driver in this case- had more than 26 feet of pavement on-which to drive and there was no other traffic near at the time. Common prudence would *442 have suggested veering to the left under the circumstances. Mutual responsibility of motorists on the highway contemplates that eveiy expedient available be exercised to save human life. It is unreasonable to contend that one proceeding on a 26-foot highway had no chance to miss a motorist who was standing by his car parked approximately three feet off the pavement and no other traffic was in sight. To so hold would abrogate the doctrine of mutual responsibility.
The judgment is reversed and a new trial Is awarded.
Reversed.
DREW, C. J., and THORN AL and O’CONNELL, JJ., concur.
THOMAS, J., and DICKINSON, Associate Justice, dissent.
ROBERTS, J., not participating.