121 So.2d 186 (1960)
Marion A. JAMES and Donald V. James, Her Husband, Appellants,
v.
Eunia D. KEENE and John B. Keene, Appellees.
No. 58-647.
District Court of Appeal of Florida. Third District.
June 9, 1960.
Rehearing Denied June 30, 1960.
Fuller & Brumer, Miami, for appellants.
Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell, Miami, for appellees.
HORTON, Chief Judge.
The controlling question on this appeal is the correctness of the court's ruling on the plaintiffs' requested jury instruction relative to the doctrine of last clear chance. The court refused to give the instruction and the jury returned a verdict in favor of the defendants. This appeal followed.
The facts reveal that the plaintiff, Marion James, was attempting to cross Biscayne Boulevard, a four-lane thoroughfare, near the intersection of N.E. 109th Street in Dade County. It was 8:00 in the evening, the weather was clear and visibility was good. The plaintiff had left a restaurant on the east side of Biscayne Boulevard and was walking to the west side. There are four traffic lanes on Biscayne Boulevard. She had crossed the two northbound lanes and one of the southbound when she was hit in the farthest southbound lane just a few feet short of the western edge of the Boulevard. It was ascertained from the evidence that the plaintiff was hit by the right front of the automobile driven by the defendant, Eunia Keene, and owned by her husband, John Keene.
*187 The plaintiff testified that she could recall nothing from the time she left the restaurant until some time after the accident, thus shedding no light on any events just prior to the impact. The defendant, Eunia Keene, testified that she was going thirty miles per hour (in a 45-mile-per-hour zone) and she never saw the plaintiff untill she was six feet away and slightly to the left. She did not have time to blow her horn but jammed on her brakes without swerving to either side. The Keene vehicle laid down approximately 38 feet of skid marks.
Roy LaRock, a witness for the plaintiffs, added little to the overall picture. He was standing on the east side of Biscayne Boulevard, watching the plaintiff "hurrying" across to the west side. From his vantage point, he could not witness the actual impact, but "thought she made it across the street". Plaintiffs' witness, Leonard Parker, was proceeding in the inside southbound lane approximately fifteen feet to the rear and left of the Keene vehicle at approximately the same rate of speed. Parker first saw the plaintiff several hundred feet away. He watched the plaintiff cross the center line into the lane in which he was proceeding, cross the inside lane and continue into the path of the Keene vehicle. Parker commented to his wife, "There is a lady who is going to get hit," but later thought she had made it safely.
At the conclusion of all the evidence, the parties had a conference on the jury instructions. The plaintiff requested that the following instruction be given:
"In determining the liability in this case, if any exists, you are to take into consideration to the extent applicable, the doctrine of last clear chance. This doctrine recognizes that the Plaintiff may have been negligent in the beginning. That is to say, may have done some act or omitted some safeguard that would have been appropriate under the circumstances, and yet allow the plaintiff to recover if the circumstances are such that after such action on the part of the plaintiff, the defendant driving the automobile in this case could thereafter have avoided the accident.
"The last clear chance theory of law is not to be limited to the actual knowledge on the part of defendant as to the peril of the plaintiff which existed, but the driver defendant may be liable if she saw or by the exercise of ordinary care could have seen the peril of the plaintiff in time to have avoided the accident by the exercise of ordinary care but failed to do so."
The requested instruction was patterned after the instruction approved by the court in Parker v. Perfection Cooperative Dairies, Fla.App. 1958, 102 So.2d 645. The trial court refused the requested charge.
The doctrine of last clear chance is generally recognized in Florida; however, the circumstances which give rise to the application of the doctrine are not clearly defined. In the some 25 years since Chief Justice Davis, in Merchants' Transportation Co. v. Daniel, 109 Fla. 496, 149 So. 401, laid the groundwork for the doctrine, the Florida courts have been confronted with a variety of litigation seeking interpretation of this elusive doctrine. By way of definition, the doctrine was succinctly stated in the Merchants' Transp. case as follows (149 So. at page 403):
"The party who last has a clear opportunity of avoiding an accident, notwithstanding the negligence of his opponent, is considered solely responsible for it. Such is a simple statement of the doctrine of `the last clear chance.' The last clear chance doctrine is not an exception to the general doctrine of contributory negligence. It does not permit one to recover in spite of his contributory negligence, but merely operates to relieve the negligence of a plaintiff or deceased in a particular instance, which would otherwise be regarded as contributory, from its character *188 as such. This result it accomplishes by characterizing the negligence of the defendant, if it intervenes between the negligence of plaintiff or deceased, and the accident, as the sole proximate cause of the injury, and the plaintiff's antecedent negligence merely as a condition or remote cause. The antecedent negligence of the plaintiff or deceased having been thus relegated to the position of a condition or remote cause of the accident, it cannot be regarded as contributory, since it is well established that negligence, in order to be contributory, must be one of the proximate causes. Davies v. Mann, 10 Mees. & W. 546, 6 Juris. pt. 2, 954; Tanner v. Louisville & N.R. Co., 60 Ala. 621; Smith v. Norfolk & S.R. Co., 114 N.C. 728, 19 S.E. 863, 923, 25 L.R.A. 287; Bogan v. Carolina Central R. Co., 129 N.C. 154, 39 S.E. 808, 55 L.R.A. 418, and notes."
The Florida courts have refused to authorize a jury instruction on last clear chance when the facts disclosed that the defendant had no opportunity under the circumstances to avoid the injury.[1]
The facts presented in the instant case reveal that the plaintiff was clearly inattentive. Witness Parker testified that he saw the accident developing before his eyes and commented to his wife, "There is a lady who is going to get hit." Even the testimony, or the lack thereof, of the plaintiff reveals that she was completely unaware, or inattentive, to the impending danger of the defendant's automobile. It appears from the record that had the plaintiff been attentive she could have avoided the injury by checking her approach or hastening out of the path of the automobile. Likewise, it appears that the defendant was equally inattentive to the condition of the plaintiff. Her own testimony discloses that she did not become aware of the plaintiff until she was six feet away and unable to avoid the injury, although the testimony is conclusive as to the fact that the plaintiff was visible for several hundred feet.
Based upon the foregoing facts, we feel that this case falls within the rule announced in Yousko v. Vogt, Fla. 1953, 63 So.2d 193, wherein the court said:
"In this case it is obvious that neither party had the last `clear opportunity of avoiding' the accident. Although each party had a clear, unobstructed view, neither saw the other until the instant before the appulse, at which time appellant admits he saw the automobile."
The holding of the United States Court of Appeals, Fifth Circuit, in Humphries v. Boersma, 5 Cir., 190 F.2d 843, 845, supports the principle as announced in Yousko v. Vogt, supra. In the Humphries case, the court was called upon to determine the applicability of the doctrine of last clear chance under a set of facts closely analogous to the facts in the case at bar. Mrs. Boersma was travelling north on North Andrews Avenue in the City of Fort Lauderdale, Florida, and Mrs. Humphries was attempting to cross North Andrews Avenue from the east to the west side. The Boersma automobile was proceeding at a speed of approximately 25 miles per hour, the weather was clear, although it was nighttime, the streets dry, and Mrs. Humphries was wearing dark clothing. Mrs. Humphries apparently did not look to the south, the direction from which the Boersma automobile was coming, but proceeded across into North Andrews Avenue approximately fifteen feet from the east curb before she was struck by the right fender of the Boersma automobile. Mrs. Boersma did not see Mrs. Humphries until she was directly in front of her automobile, at which time Mrs. Boersma immediately *189 swerved to her left and applied her brakes, but not in time to avoid striking Mrs. Humphries. In affirming a judgment in favor of Mrs. Boersma, the Fifth Circuit Court of Appeals said:
"Florida law recognizes the doctrine of last clear chance, but to successfully invoke it the plaintiff must show that he was free of concurring negligence, and if his own contributory negligence continued until the time of the injurious act, he can not recover."
Generally, the determination of such facts is for the jury, subject to instruction from the trial judge; however, when as here, the facts as disclosed from the lips of the parties themselves reveal a mutual inattentiveness to each other, the trial judge is correct in refusing the charge on last clear chance. This is necessarily so as proximate cause, the very basis of last clear chance, cannot be established against the defendant. But for the inattentive negligence of the plaintiff the accident could have been avoided. Likewise, but for the inattentive negligence of the defendant, the accident could have been avoided.[2] Of course, the plaintiff would not be so precluded from the jury instruction if she were in a position of conscious peril from which she could not extricate herself, as causation could then be determined. In such a case, the plaintiff's negligence having ceased with no alternative for escape, the defendant could still have avoided the accident through the use of reasonable care.
We have considered appellants' other contention, and find it to be without merit.
Accordingly, the judgment is affirmed.
PEARSON, J., concurs.
CARROLL, CHAS., J., dissents.
CARROLL, CHAS., Judge (dissenting).
I respectfully dissent from the majority judgment of affirmance, as I am of the opinion that the able trial judge committed reversible error in this case by refusing to include, in his charges to the jury, a charge on the doctrine of last clear chance.
The judgment in this case should be reversed for a new trial, on the authority of Nelson v. Ziegler, Fla. 1956, 89 So.2d 780,[1] where the Supreme Court of Florida, dealing with a factual situation which was similar in all material respects to that in the present case, held it was for a jury to determine whether the proximate cause of the pedestrian's injury was failure of the defendant driver to avoid the collision if by maintaining a proper lookout and exercising reasonable care under the circumstances the driver could have done so.
In the Nelson case, without referring to the last clear chance doctrine by name, the *190 Supreme Court applied the doctrine by making the following holding (89 So.2d at page 783):
"* * * [T]here is an area of proof in this record that could properly justify a jury of reasonable men in arriving at a conclusion that the appellant's perilous position in the street would or should have been known to appellee in time for her to have avoided the injury if she had been keeping a proper lookout and therefore the sole proximate cause of the injury despite appellant's conduct could have been appellee's failure to maintain such lookout or her failure to avoid the injury if by the exercise of reasonable care and caution commensurate with all of the circumstances she could have avoided it."
Further in the Nelson case, in the concurring opinion of Chief Justice Drew (89 So.2d at page 784) it is said:
"`* * * Under the charge as given the jury could and no doubt did conclude that deceased negligently entered the road, and that such negligence contributed to his injury. The very claim of the benefit of this doctrine, however, is to admit a wrongful act in getting into a perilous position. If he is to remain bound by the original wrong, then he is deprived entirely of the benefit of relief for defendant's wrongful act which may be the immediate cause of the injury. * * *'
"It is unquestionably negligence for an intoxicated person to wander into a busy highway. On the other hand, that fact does not authorize a person driving an automobile on that highway to run over such pedestrian with impunity. If the driver of the car sees or, by the exercise of reasonable diligence, should see the perilous position of the negligent pedestrian and there is an opportunity to avoid injuring him, it not only becomes his duty to do so but his negligence in failing to avoid the injury, if such occurs, becomes the immediate and proximate cause and the negligence of the intoxicated pedestrian becomes the remote cause."
In the instant case the accident occurred in an unincorporated area of Dade County, on Biscayne Boulevard at its intersection with 109th Street,[2] at 8:00 o'clock in the evening, on a clear night, in a business district[3] and with the plaintiff pedestrian, as she crossed the highway, being visible to the approaching defendant driver for a distance of 200 feet.[4]
The appellant was injured when, in an intoxicated condition, she attempted to cross the highway from east to west being hit when she was just a few feet short of the west curb line. The car which struck her was traveling at 30 m.p.h. and did not slacken its speed or alter its course before striking her with the right front or westerly edge of the car.
The questions upon which applicability of the doctrine of last clear chance depended *191 in this case were whether the pedestrian through her negligence had placed herself in a position of peril on the highway from which she could not extricate herself in face of the oncoming traffic, and, if so, then whether the driver who ran her down saw her, or by exercise of reasonable care could have and should have seen the pedestrian in sufficient time and at sufficient distance to have avoided the collision through exercise of reasonable care to that end.
Some confusion appears in the law on this subject due to statements made in a number of cases to the effect that before the court should charge the jury on the doctrine of last clear chance it should clearly appear to the court that the doctrine is applicable. However, if jury questions are involved to determine the facts upon which the applicability or inapplicability of the doctrine depends, the jury, not the judge, should decide what the facts are and then apply or reject the doctrine in deciding the case. See Wawner v. Sellic Stone Studio, Fla. 1954, 74 So.2d 574, 579; Wadford v. Atlantic Co., Fla. 1956, 86 So.2d 440, 441; Radtke v. Loud, Fla.App. 1957, 98 So.2d 891, 894.
In the present case the trial judge was not in a position to determine whether or not the doctrine was applicable, because such a determination necessarily must depend upon resolving conflicts in the evidence on several issues of fact, the drawing of reasonable inferences from facts thus found, consideration of the weight of the evidence and reasonableness of the testimony on those topics, and judging credibility of witnesses with reference thereto, all of which were functions reserved to the jury and not for the judge. Therefore, the applicability vel non of the doctrine of last clear chance would depend on the facts as the jury must find them, and the jury should have been charged on the doctrine and allowed to apply it or to reject it, as the facts, as the jury found them, should justify or require under proper instructions from the trial judge.
Therefore, I am of the opinion that the refusal of the trial judge to charge on the doctrine of last clear chance and permit the jury to consider and determine the case with the benefit and in the light of that doctrine deprived the plaintiff of a substantial right recognized under the law of this state, and operated to terminate the case, as the jury could and no doubt did conclude that the plaintiff negligently entered the highway.
NOTES
[1] Becker v. Blum, 142 Fla. 60, 194 So. 275; Ippolito v. Brenner, Fla. 1954, 72 So.2d 802; Lee County Oil Co. v. Marshall, Fla.App. 1957, 98 So.2d 510; Falnes v. Kaplan, Fla. 1958, 101 So.2d 377; Edwards v. Donaldson, Fla.App. 1958, 103 So.2d 256; Gordon v. Cozart, Fla.App. 1959, 110 So.2d 75.
[2] As summarized in Prosser, Torts, 2nd Ed., § 52, p. 294, "If the defendant does not discover the plaintiff's situation, but merely might do so by proper vigilance, it is obvious that neither party can be said to have a `last clear' chance. The plaintiff is still in a position to escape, and his lack of attention continues up to the point of the accident, without the interval of superior opportunity of the defendant which has been considered so important. The plaintiff may not demand of the defendant greater care for his own protection than he exercises for himself." [Emphasis supplied] See Maloney, From Contributory Negligence to Comparative Negligence: A Needed Law Reform, 11 U.Fla.L.Rev., 135, 145, (1958). Cf. 4 Blashfield, Cyclopedia of Automobile Law and Practice, §§ 2813-2817; Shearman and Redfield, Negligence, Rev.Ed., § 118, et seq.
[1] See also Williams v. Sauls, 151 Fla. 270, 9 So.2d 369, requiring a charge of last clear chance in a pedestrian-automobile accident where the evidence was susceptible of a finding that the pedestrian negligently crossing a street was far enough in advance of the approaching automobile for the latter to have observed his predicament and through due care avoided striking him. The operation of the doctrine in such a situation is explained in Wawner v. Sellic Stone Studio, Fla. 1954, 74 So.2d 574, at page 576.
[2] From an aerial photograph of the area, plaintiff's exhibit No. 2, the jury could have found that the plaintiff crossed at an intersection as defined by § 317.01(8), Fla. Stat., F.S.A.
[3] The jury could have so found from the evidence, including the aerial photograph, exhibit No. 2, as a business district is defined in § 317.01(3), Id.
[4] The jury could so have concluded as to visibility, from the following evidence: the lights in the area; on resolving a conflict as to plaintiff's light clothing (white shoes and light blouse); from testimony of one Parker, driving in a lane east of and one car length behind the defendant driver, who said he saw plaintiff in the highway from that distance, watched her crossing and noted her peril; also, the headlights of the car of the defendant driver, which should have shown the plaintiff up to 350 feet (§ 317.58, Fla. Stat., F.S.A.).