PER CURIAM.
Upon an appeal from a final judgment entered pursuant to a jury verdict for the defendant, the plaintiff urges error in that the trial judge refused requested charges upon the doctrine of last clear chance. We hold that under the facts revealed by the record, the issue was not raised, and we affirm.
The action arose out of a fatal accident where the deceased was struck by defendant’s automobile while she was crossing a busy thoroughfare at night. There were no eye witnesses. The impact was not at an intersection. There was no evidence that the defendant was not proceeding at a lawful and reasonable rate of speed. He testified that he did not see the deceased prior to the impact.
To require the trial judge to instruct upon the law of last clear chance in this case, upon the possibility that the deceased was visible in the roadway in a position of peril and that the defendant should have reasonably discovered this fact when he was in a position that he could have by the use of ordinary care avoided the accident, would be to authorize a verdict entirely upon conjecture. Such a holding would in our view require an instruction upon last clear chance in every case where a pedestrian is struck and the proximate cause of the injury is not known. It would serve no useful purpose for us to further discuss the instances of the application of the doctrine in Florida. See Falnes v. Kaplan, Fla.1958, 101 So.2d 377; James v. Keene, Fla.App.1960, 121 So.2d 186; See also the recent case of Rutherford v. Illinois Central Railroad Company, 5 Cir., 1960, 276 F.2d 330.
Affirmed.
HORTON, C. J., and PEARSON and CARROLL, CHAS., JJ., concur.