133 So.2d 301 (1961)
Samuel A. DOUGLAS, II, Petitioner,
v.
Arthur F. HACKNEY, Respondent.
No. 31016.
Supreme Court of Florida.
September 20, 1961.
Rehearing Denied October 17, 1961.
*302 William C. Gaither and Sam Daniels and Nichols, Gaither, Green, Frates & Beckham, Miami, for petitioner.
Welsh, Cornell, Pyszka & Carlton, Miami, for respondent.
THORNAL, Justice.
By petition for a writ of certiorari we are requested to review a decision of the District Court of Appeal, Third District, on the ground that it conflicts with prior decisions of this Court on the same point of law. Section 4, Article V, Florida Constitution, F.S.A.; Douglas v. Hackney, Fla. App., 121 So.2d 804.
We must determine whether the decision of the District Court of Appeal affirming the conclusion of the trial judge as to the inapplicability of the doctrine of the last clear chance conflicts with several prior decisions of this Court.
In view of the posture in which the case comes to us we look to the opinion of the district court for a factual summary. From this reference we learn that Mrs. Douglas, the deceased wife of the petitioner, was struck by defendant's automobile. The fatal injury occurred when Mrs. Douglas apparently was crossing a busy thoroughfare at night. There were no eye witnesses. The impact was not at an intersection. The evidence supported a conclusion that the defendant was proceeding at a lawful and reasonable rate of speed. Defendant Hackney testified that he did not see Mrs. Douglas prior to the impact. The district court had the view that there was only a mere possibility that Mrs. Douglas was visible in the roadway in a position of peril. That court further concluded that it would be permitting an inference extracted from mere conjecture to allow a jury to undertake to decide that the driver of the automobile could or should have discovered the perilous predicament of the pedestrian in time to avoid the tragedy. The trial court declined to instruct on the doctrine of the last clear chance. By its decision which we have cited, the district court affirmed. In doing so it relied upon Falnes v. Kaplan, Fla. 1958, 101 So.2d 377, and James v. Keene, Fla.App. 1960, 121 So.2d 186.
Petitioner contends that the decision now in question conflicts with prior decisions of this Court in Springer v. Morris, Fla. 1954, 74 So.2d 781; Brandt v. Dodd, 150 Fla. 635, 8 So.2d 471; Nelson v. Ziegler, Fla. 1956, 89 So.2d 780; Lindsay v. Thomas, 128 Fla. 293, 174 So. 418, and Tucker Brothers, Inc. v. Menard, Fla. 1956, 90 So.2d 908. Because of the reliance of the district court upon its own decision in James v. Keene, supra, which that court had previously certified to us as involving a question of great public interest, we noted prima facie jurisdiction and have now heard arguments on the merits and on the question of our jurisdiction.
It should be borne in mind that the extent of our authority to conduct an investigation into the factual aspects of James v. Keene, *303 supra, was much broader than obtains in the instant case. Because of the certification of the James case our obligation was to investigate the entire record in order to supply our answer to the question of great public interest which was certified. In the instant case we must look to the facts revealed by the decision of the district court in order to determine merely whether that decision conflicts with a prior decision of this Court on the same point of law. In view of our ultimate judgment herein we could with propriety merely discharge the writ without opinion. However, the interplay between James v. Keene, supra, and the instant case appears to justify our subsequent comments. We think this is particularly important in view of the fact that we have this day filed an opinion quashing the decision of the Court of Appeal in James v. Keene, supra. We therefore deem it appropriate to explain our position in order to avoid any impression that we have reached inconsistent judgments in the disposition of the two cases.
It is, perhaps, a fortunate coincidence that the instant case and James v. Keene, supra, come to us almost simultaneously. We are thereby afforded an opportunity to emphasize the contrasting factual elements which lead us to opposite conclusions regarding the applicability of the doctrine of the last clear chance in the two cases.
In the interest of brevity, and in the avoidance of needless repetition, we refer to our opinion in James v. Keene, Fla., 133 So.2d 297, for a discussion of the doctrine of the last clear chance and the factual elements that must be reflected by the record to support an instruction on the subject. It will be noted that we cautiously pointed out that we continue to rely upon the admonitions of our opinion in Yousko v. Vogt, Fla., 63 So.2d 193. We again remind that an instruction on the doctrine of the last clear chance should be given only where the evidence clearly demonstrates its applicability. It is by no means a routine judicial observation to be included perfunctorily in the jury instructions in negligence cases.
We have noted with approval the elements of the doctrine of last clear chance summarized in Parker v. Perfection Co-op. Dairies, Fla.App., 102 So.2d 645. Repetition of these elements in detail is needless. One of the essentials, however, is that the injuring party actually becomes aware of, or in the exercise of ordinary prudence should become aware of the perilous position of the injured party and thereafter have an opportunity, by the exercise of reasonable care, to save the latter from harm. As noted in the last cited decision there are other essential elements. We have mentioned only the foregoing aspect of the rule in order to isolate it for our discussion here. This leads us to the distinction between James v. Keene, supra, and the instant case.
In James v. Keene, supra [121 So.2d 186], the district court found, and our examination of the record supported the finding that the injured plaintiff was visible "for several hundred feet" prior to the impact. In its opinion in that case the district court concluded that the testimony on this phase of the matter was "conclusive." It was the unimpeached testimony of a witness who actually saw the conditions at the time of the accident and who was driving his own automobile in an adjoining traffic lane almost parallel to the vehicle which produced the injury. This undisputed evidence, establishing the visibility of the injured plaintiff, let us to conclude in James v. Keene, supra, that under proper instructions a jury could have found that the driver of the automobile should have seen the pedestrian and by the exercise of reasonable care could have avoided the resulting impact.
By contrast in the instant case the district court observed that, "To require the trial judge to instruct upon the law of last clear chance in this case, upon the possibility that the deceased was visible in the roadway in a position of peril and that the defendant should have reasonably discovered *304 this fact when he was in a position that he could have by the use of ordinary care avoided the accident, would be to authorize a verdict entirely upon conjecture." [121 So.2d 805.]
Although an apparent effort was made to fill the gap representing this factual element essential to the application of the last clear chance rule, the district court properly described it as a mere "possibility" that would permit "a verdict entirely upon conjecture." In order to justify an instruction on the doctrine of the last clear chance the trial judge must first find that the record clearly presents adequate evidentiary support for each of the essential elements required by the rule. If the evidence is lacking in any of these elements, then the instruction should not be given. In the instant case, the district court found that there was no clear factual support for a jury inference that the driver of the automobile saw, or reasonably should have seen, the deceased pedestrian sufficiently in advance of the impact to enable him to avoid the injury.
It is also the lack of this element in the instant case which distinguishes it from the prior decisions of this Court with which the petitioner claims the instant case is in conflict.
We have not overlooked the contention of the petitioner to the effect that the death of the pedestrian removed from the scene an eye witness to the event. The petitioner then makes the appeal that under such circumstances we should in a measure relax the requirements and give greater weight to the inferences permissible from the circumstantial evidence. Unfortunately, the lack of eye witnesses often prevents recovery in situations in which perhaps recovery could be sustained if witnesses were available. While the tragic death of the petitioner's wife inspires sympathy we are not permitted to ground our judgment on this humane quality. The record here appears to sustain the conclusion of the district court that the deceased pedestrian projected herself into a perilous predicament which produced her death. This aspect of the tragedy is clear. The record fails to supply the elements of negligence on the part of the respondent that would support a finding of proximate cause grounded on the application of the doctrine of last clear chance.
While we are not in accord with the district court in its reliance on the authorities which it cites to support its judgment, we are nevertheless compelled to concur in the judgment which it ultimately reached. We consequently, conclude that the writ has been improvidently issued and it therefore must be discharged.
It is so ordered.
TERRELL, Acting Chief Justice, and HOBSON, DREW and O'CONNELL, JJ., concur.