SHANNON, Chief Judge.
The appellants, plaintiffs in the court below, secured a jury verdict in their favor against the appellee-defendant. Alternative post-judgment motions for judgment non obstante veredicto or for a new trial were filed. The motion for judgment non ob-stante veredicto was denied and the motion for new trial was granted.
The facts in this case are comparatively simple. One of the plaintiffs, Clara Naber, alighted from a city bus in St. Petersburg, at its regular stop just past 18th Avenue and 4th Street North, on the East side of 4th Street at about 3:30 P.M. on March 4, 1960. After departing from the bus she went into a grocery store on the corner of 18th Avenue and 4th Street North to make several purchases, after which she recrossed 18th Avenue to somewhere around the Northwest *366 corner of 19th Avenue and 4th Street North, at which point she then proceeded across 4th Street North. The weather was clear and dry and the road consisted of black-top composition and was approximately 60 feet in width. While traversing 4th Street North plaintiff stepped off the East curb of 4th Street North and had progressed to a white line which divided the two lanes of Northbound traffic. She apparently stopped on or about the white line. The defendant was proceeding North and had seen this plaintiff when his car was about 110 feet away from her, at which time he was traveling from 20 to 22 m. p. h. When he was about 60 feet from Mrs. Naber, defendant took his foot off the gas pedal and put his foot on the brake. The testimony as to where the plaintiff was at the time of impact is conflicting. The defendant testified that he was within 5 feet of her when the plaintiff stepped out from the white line in front of his car; whereas, the plaintiff testified that she was on the white line and stayed there until she was actually struck. This is, as we see it, a crucial point in this case, and it was in connection with this point that the trial judge gave the last clear chance instruction. At the trial the court denied motions for directed verdict on behalf of the defendant and submitted the case to a jury. A $20,000.00 verdict was returned in favor of plaintiffs. The trial court in its order granting the new trial stated, in part:
“ * * * The court being of the opinion that the instruction given with reference to the doctrine of the last clear chance was not complete and as a result thereof the court being of the opinion that there is a strong probability that the jury was confused in applying it to the facts in the case, and the court being fully advised in the premises,
* # * * * *
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the motion for a new trial as requested by the defendant be, and the same is hereby granted.”
The appellants challenge the order granting a new trial. In this appeal we shall be governed by Sec. 59.07(4), Fla.Stat, F.S.A., which provides:
“In every case in which the trial court shall enter an order granting a motion for a new trial, the trial judge shall indicate in the order granting said motion the particular ground or grounds upon which said motion was granted, and upon appeal from any such order, if taken under the statutes providing for appeal from orders granting new trials, no other grounds than those specified by the trial judge, as a basis for the order granting the new trial, shall be considered as arguable upon said appeal.”
The trial court in giving the instruction on last clear chance stated:
“You are further instructed that your determination of the liability in this case, if any exists, you are to take into consideration to the extent applicable the doctrine of last chance. This doctrine recognizes that even if the plaintiff is found by you to have been negligent in the beginning, that is to say, may have done some act or omitted some safeguard that would have been appropriate under the circumstances, you may yet allow the plaintiffs to recover if the circumstances are such that after such action on the part of the plaintiff, the defendant driving his automobile in this case could thereafter have avoided the accident.
“The last clear chance theory of law is not limited to the actual knowledge of the defendant, but the defendant may be liable if he saw, or by the exercise of ordinary care could have seen, the peril of the plaintiff in time to have avoided the accident by the exercise of ordinary care, but failed to do so.”
The above instruction should be read in. connection with the court's other instructions, but for the purpose of reviewing this *367 case, we cite this particuar instruction verbatim.
It should be noted that the trial court stated in part, “that the instruction given ■with reference to the doctrine of the last clear chance was not complete and as a result thereof the Court being of the opinion that there is a strong probability that the jury was confused in applying it to the facts in the case.” Insofar as a review of •this case is concerned we shall be confined to the narrow issue of whether the instruction given was correct, and, if so, was the jury confused by the giving of it together with the other instructions.
In the case of Parker v. Perfection Cooperative Dairies, Fla.App.1958, 102 So.2d 645, this court approved the giving of the instruction on last clear chance in almost the exact words of the one under review. In approving.the instruction, this court cited and quoted from several Florida cases as well as authorities from other jurisdictions.
This instruction was refused by the trial judge in the case of James v. Keene, Fla.App.1960, 121 So.2d 186, and, in affirming, the district court stated: “The requested instruction was patterned after the instruction approved by the court in Parker v. Perfection Cooperative Dairies, * * The district court’s opinion was grounded on the holding that the mutual inattentiveness of the parties produced an impasse resulting in concurrent negligence and thereby precluding application of the last clear chance doctrine. On certiorari, the district court’s judgment was quashed, the Supreme Court, through Justice Thornal, stating:
“ * * * We here simply hold that the factual situation presented a question for the jury pursuant to an appropriate instruction by the trial judge.
“We are compelled to disagree with the District Court of Appeal. It is our conclusion that, on the basis of the record presented, the trial judge should have followed his initial inclination and instructed the jury on the doctrine of the last clear chance. * * * ” James v. Keene, Fla.1961, 133 So.2d 297.
We hold on the narrow question before us in connection with the facts of the instant case that this instruction, in connection with the other instructions given, is proper and presents no probability that the jury was confused in applying it to the facts shown in the record. The question of whether or not any instruction should have been given on the doctrine of last clear chance is not before this court and hence we do not pass on that. It is our opinion that this case must be reversed and the jury verdict reinstated.
Reversed.
KANNER and SMITH, JJ., concur.