ALLEN, Judge.
Appellant, plaintiff in a personal injury action, brings appeal from a final judgment pursuant to a jury verdict for the appellee, defendant below.
Plaintiff-appellant brought an action against the defendant-appellee for injuries arising from a motorist-pedestrian collision occurring in Delray Beach. Defendant-appellee denied negligence and alleged contributory negligence, the cause went to jury trial and a verdict for defendant-ap-pellee was returned. Plaintiff-appellant’s motion for new trial was denied and a final judgment for defendant-appellee was entered.
The error assigned and argued concerns 1) the exclusion of certain “expert” testimony concerning the effect of an amount of alcohol admittedly consumed by appellee, 2) the refusal to give requested instructions concerning the doctrine of last clear chance and 3) denial of a motion for new trial predicated on alleged errors 1 and 2.
The incident upon which the suit was based occurred at 3:00 A.M. on Atlantic Avenue, an east-west street SO feet wide consisting of two parking lanes and three through lanes. The lanes are, proceeding from north to south, a westbound parking lane, a westbound through lane, an eastbound turning lane, an eastbound through lane and an eastbound parking lane. The weather was clear, visibility “good” and the street apparently was adequately lighted.
The collision occurred when appellant, a pedestrian, attempted to cross Atlantic Avenue at a point some 30 feet west of a crosswalk at the intersection of Atlantic Avenue and Fourth Avenue, a north-south street. Appellant, crossing from north to south, had crossed the parking lane and was apparently some 9 or 10 feet across the 11 foot through lane when struck by appel-lee’s westbound car. Both parties denied having seen each other until or after the moment of impact.
At the conclusion of the presentation of evidence plaintiff-appellant’s attorney requested certain “last clear chance” instructions. Appellee’s attorney objected and, upon consideration, the court refused to give the requested instructions. The record indicates that the court’s refusal was based on its conclusion that the evidence indicated that neither party was aware of the other until the moment of impact and, in accord with the “mutual inattentiveness” theory enunciated in James v. Keene, Fla.App. 1960, 121 So.2d 186, the doctrine of last clear chance was inapplicable.
While the lower court was entirely correct in finding that the Third District Court’s decision in James v. Keene, supra, rendered the doctrine of last clear chance inapplicable in the instant case, it erred nonetheless in that the Supreme Court subsequently reviewed and reversed the District Court and repudiated the “mutual inattentiveness” theory enunciated by the latter court. James v. Keene, Fla.1961, 133 So.2d 297. Accordingly, the lower court’s refusal to give the requested instructions must be considered in light of the definitive statements with respect to last clear chance instructions found in the Supreme Court’s decisions in James v. Keene, supra, and Douglas v. Hackney, Fla.1961, 133 So.2d 301.
In James v. Keene the Court said:
“ * * * The elements which must be present in order to justify an instruction on the subject have been very well epitomized by the District Court of Appeal, Second District, in Parker v. Perfection Cooperative Dairies, 102 So.2d 645, 647, wherein it was held that the doctrine is applicable when the evidence shows:
“ ‘(1) That the injured party has already come into a position of peril; (2) that the injuring party then or thereafter becomes, or in the exercise *512 of ordinary prudence ought to have become, aware not only of that fact, but also that the party in peril either reasonably cannot escape from it, or apparently will not avail himself of opportunities open to him for doing so; (3) that the injuring party subsequently has the opportunity by the exercise of reasonable care to save the other from harm; and (4) that he fails to exercise such care.’ ”
and, after discussing the record in the lower court, determined that the factual circumstances established by the evidence fulfilled each of the requisite elements. The necessity of each of the elements being established by evidence was amplified in Douglas v. Hackney, supra, when, in discharging a writ of certiorari, the Court, in effect, affirmed a District Court decision denying last clear chance instructions when any one element was based on mere inference unsupported by evidentiary fact.
Upon consideration of the record in the instant case we conclude that there was evidence and testimony which, if accepted by the jury, would show the elements requisite to application of the last clear chance doctrine.
The evidence indicates that the appellant and appellee’s car collided at a point some 18 feet from the curb. Appellant’s testimony indicates that he had, oblivious to the oncoming car, stepped off the curb and, during a period in excess of 5 seconds, proceeded on a course directly across the path of the oncoming car. In terms of the first element of last clear chance, appellant had committed himself to and continued in a position of peril.
The evidence further shows that the street was well lighted, that various traffic on the street was clearly visible to appellee and that appellee was in a position some distance away when appellant began crossing the street with no obstruction to their view of one another. In terms of the second requisite element, the evidence indicates that appellee ought to have been aware of appellant’s perilous conduct.
Finally, the evidence indicates that ap-pellee was over 150 feet away and proceeding at 20 miles an hour when appellant committed himself to his perilous venture and that he did nothing to avert a collision. Rephrased, the evidence supports a conclusion that appellee, by the exercise of care, could have avoided collision but failed to exercise such care.
On the basis of the foregoing analysis, we must' conclude that it was error not to instruct on last dear chance, although we deem it appropriate to repeat Justice Thor-nal’s observation in 1ames v. Keene, 133 So.2d 297, 300:
“The conclusion which we here reach is not to be construed as any endorsement of the reckless type of conduct evidenced by the pedestrian in this case. The books are crowded with accounts of suits brought by the personal representatives of people who conduct themselves as she did. We are here merely holding that there was a factual basis in the record from which a jury could have concluded, under appropriate instruction, that the proximate cause was the failure of the driver of the automobile to exercise the care commensurate with the situation.”
Appellant also complains of the refusal of the court to admit the testimony of a doctor to the effect that appellee’s faculties would have been impaired to the extent of 25% as a result of the ingestion of an admitted quantity of alcohol. Upon review of the proffered testimony, it is clear that the testimony with respect to the alleged impairment was so conditioned by the witness and so equivocal, uncertain and indefinite as to have no probative value and was properly excluded by the trial judge to whom the question of the competency and materiality of “expert” testimony is pri *513 marily committed. Myers v. Korbly, Fla. App.1958, 103 So.2d 215.
Since the court erred in refusing the last clear chance instructions and in denying a motion for new trial predicated on this initial error, the cause is reversed and remanded for further proceedings consistent with the foregoing opinion.
Reversed.
KANNER, Acting Chief Judge, and STURGIS, WALLACE, Associate Judge, concur.