PER CURIAM.
The appellant/cross-appellee, as the personal representative of the Estate of Phyllis Simmons, appeals the trial court’s final judgment following entry of a directed verdict in favor of the appellee/cross-appellant (the defendant in the trial court), Dr. Chookiert Emko, M.D., in a medical negligence action. The cross-appeal challenges the trial court’s earlier ruling denying a motion for summary judgment. We have carefully examined the record, especially the expert testimony of Dr. Sessoms, which, according to the appellant/cross-ap-pellee, was sufficient to send the case to the jury. Where an expert’s testimony is so equivocal, confusing, and internally contradictory and irreconcilable as utterly to lack any probative value, the trial court is justified in entering a directed verdict against the party relying on that expert testimony to establish an essential element of the claim. See Jackson County Hosp. Corp. v. Aldrich, 835 So.2d 318, 327-29 (Fla. 1st DCA 2002); L.R. v. State, 698 So.2d 915, 916 (Fla. 4th DCA 1997); Whitten v. Erny, 152 So.2d 510, 512 (Fla. 2d DCA 1963). Because the appellant/cross-appellee’s expert testimony failed to satisfy the requirements of Gooding v. Univ. Hosp. Bldg., Inc., 445 So.2d 1015, 1020 (Fla.1984), as to the essential element of causation, we conclude that the trial court correctly entered a directed verdict and final judgment in favor of the appel-lee/eross-appellant. Given our affirmance of the trial court’s directed verdict and final judgment, the issue on cross-appeal is moot.
AFFIRMED.
BARFIELD, BROWNING and THOMAS, JJ. concur.