PER CURIAM.
Michael Duelos, the defendant in the automobile negligence action below, appeals the trial court’s post-verdict order granting Jeanette Richardson’s motion for new trial and directed verdict or JNOV as to permanent injury. Because the reasons given' for the JNOV were insufficient grounds upon which to disregard the jury’s verdict, the directed verdict or JNOV of permanency is reversed and remanded for entry of judgment in accordance with the verdict.
In the trial proceedings, the plaintiff sought monetary damages for injury to her neck resulting from an automobile accident with the defendant, under section 627.737(2), ■ Florida Statutes. Under the statute, the plaintiff could recover damages in tort from the defendant “arising out of the ... operation, or use of [defendant’s insured] motor vehicle only in the event that the injury ... consists in whole or in part of: ... (b) Permanent injury within a reasonable degree of medical probability.” Accordingly, to prove that her injury arose out of the defendant’s use of his vehicle and was permanent within a reasonable degree of medical probability, the plaintiff presented the expert testimony of three physicians. These witnesses agreed that the plaintiffs neck injury was permanent.
In response, the defense called Dr. Von Thron, an orthopedic surgeon, licensed in Florida, to testify and present his expert opinion regarding the permanent nature of the plaintiffs neck injury arising out of the accident. Dr. Von Thron had examined the plaintiff in preparation for the lawsuit and reviewed the plaintiffs medical records of treatment she had received over the years. He testified about his observations of the condition and functioning of the plaintiffs neck and generally summarized his review of the plaintiffs medical records pertaining to her neck, including his medical opinion that the plaintiff has arthritis in her neck. The following exchange took place concerning the permanency of Plaintiffs neck injury:
DEFENSE COUNSEL: Do you have an opinion, within a reasonable degree of medical probability, whether Ms. Richardson sustained a permanent injury as a result of the May 2006 accident?
WITNESS: From the records, it does not appear that she did.
He then explained how. he reached this conclusion, based on the records of treatment Plaintiff sought and the reports of *1003 other doctors of activities Plaintiff was able to enjoy.
When asked his opinion, within a reasonable degree of medical probability, whether the plaintiff sustained a permanent aggravation of an existing condition, the doctor testified that she did not. He explained this conclusion based on his review of the medical records at the time of the accident and explained how he evaluated permanence of an injury or aggravation. Finally, while agreeing that the plaintiff had neck pain and might continue to need treatment for pain, the doctor opined that the plaintiff did not need future medical treatment “for injuries from this accident.” The surgeon did not change his opinion about the permanence upon cross examination but clarified that in his opinion, the neck injury caused by the accident was temporary and that the plaintiffs more recent neck pain stemmed from another cause, specifically arthritis.
After Dr. Von Thron’s testimony, the plaintiff moved for directed verdict on the issue of permanency. After hearing argument, the trial court denied the motion and found that the witness was “still qualified as an expert” and that the jury would determine the weight and credibility of the doctor’s expert opinion. At the close of all the evidence, the plaintiff renewed her motion for a directed verdict “on an aggravation of a preexisting condition” or to strike Dr. Von Thron’s expert opinion testimony “because there’s no basis for it.” The trial court again denied a directed verdict and ruled that the jury could weigh the doctor’s opinion against the testimony of the other experts and the documents and surveillance video in evidence.
The jury returned a verdict awarding the plaintiff damages for some of her past medical expenses, as previously directed by the court, but found that her neck injury from the accident was not permanent and awarded nothing for future medical expenses the plaintiff might incur. The plaintiff filed a timely motion for new trial and renewed her motion for a directed verdict or JNOV that the accident had caused the permanent aggravation of a pre-existing condition.
After hearing the plaintiffs post-verdict motion, the trial court granted the JNOV and granted a new trial. The court ruled that Dr. Von Thron’s testimony was “incredulous” and was “confusing, mistaken and not reasonable in light of all the other evidence in the case and expert medical testimony regarding permanency of Plaintiffs injuries resulting from the accident.” The trial court granted a new trial “in light of the manifest weight of the evidence regarding ‘permanency’.”
“The standard of review of a trial court’s ruling on a motion for judgment notwithstanding the verdict is de novo.” Specialty Marine & Indus. Supplies, Inc. v. Venus, 66 So.3d 806, 309 (Fla. 1st DCA 2011). As stated in Lindon v. Dalton Hotel Corp., 49 So.3d 299, 303 (Fla. 5th DCA 2010):
A motion for directed verdict or JNOV should be granted only if no view of the evidence could support a verdict for the nonmoving party and the trial court therefore determines that no reasonable jury could render a verdict for that party. See Ceeile Resort, Ltd. v. Hokanson, 729 So.2d 446, 447 (Fla. 5th DCA 1999). If there are conflicts in the evidence or different reasonable inferences may be drawn from it, then the issue is a factual one that should be submitted to the jury and not be decided by the trial court as a matter of law.
Accordingly, we review the trial court’s order in light of the evidence, or lack thereof, in the record on appeal to determine if any reasonable jury could have rendered the verdict that the auto accident in this case caused no permanent injury to *1004 the plaintiffs neck and that she should recover no monetary damages for future treatment of that injury.
If a jury rejects expert medical testimony that an injury cause by an auto accident is permanent without any contrary evidence on the record, a JNOV or directed verdict is warranted. Wald v. Grainger, 64 So.3d 1201 (Fla.2011); State Farm Mut. Auto. Ins. Co. v. Orr, 660 So.2d 1061 (Fla. 4th DCA 1995). Even if contrary expert evidence is presented, a directed verdict is justified “[wjhere an expert’s testimony is so equivocal, confusing, and internally contradictory and irreconcilable as utterly to lack any probative value.” Simmons-Russ v. Emko, 928 So.2d 397, 398 (Fla. 1st DCA 2006). On the other hand, “the trial court may not weigh the evidence or assess a witness’s credibility” and must deny a directed verdict “if the evidence is conflicting or if different conclusions and inferences can be drawn from it.” Moisan v. Frank K. Kriz, Jr., M.D., P.A., 531 So.2d 398, 399 (Fla. 2d DCA 1988). If an expert opinion is sufficient to raise a fact question for the jury and the jury makes a determination supported by that expert opinion, a motion for JNOV should be denied. Hancock v. Schorr, 941 So.2d 409 (Fla. 4th DCA 2006).
After careful review of the transcript of Dr. Von Thron’s testimony, we disagree with the trial court that the doctor’s opinions were so confusing, contradictory, etc. as to lack any probative value. The witness clearly responded to counsel’s questions and did not waiver from his expert medical opinion that the neck injury suffered by Plaintiff as a result of the auto accident in 2006 was not permanent and did not require future treatment. Dr. Von Thron’s qualifications as an expert were not genuinely contested. The doctor’s testimony did not mislead the jury by introducing outside considerations, such as the subjects prohibited by the court’s pre-trial orders on the motions in limine. The jury was free to consider the weight and credibility of the opinions of the plaintiffs expert witnesses versus those of Dr. Von Thron, as well as all the other evidence presented. The trial court’s JNOV based on its determination that the defense’s expert’s opinion testimony was not credible and should not be given any weight invaded the province of the jury.
Accordingly, the order granting JNOV and new trial is REVERSED and this case REMANDED for entry of judgment in accordance with the jury’s verdict.
. PADOVANO, CLARK, and SWANSON, JJ., concur.