# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA
_____

No. 1D17-0854
_____

TANYA DARLENE CHAPPELL and
SECURE INVESTMENTS REALTY &
MANAGEMENT CORP.,

    Appellants,

    v.

OLIVIA CLARK,

    Appellee.

_____

No. 1D17-1806
_____

TANYA DARLENE CHAPPELL and
SECURE INVESTMENTS REALTY &
MANAGEMENT CORP.,

    Appellants/Cross-Appellees,

    v.

OLIVIA CLARK,

    Appellee/Cross-Appellant.

_____

On appeal from the Circuit Court for Alachua County.
Toby S. Monaco, Judge.

July 15, 2019

WINOKUR, J.

Driving negligently, Tanya Chappell rear-ended Olivia Clark's vehicle, and Clark sued Chappell and her employer, Secure Investments Realty and Management Corp. (Appellants), alleging that the crash caused her physical injuries. Following trial, final judgment was entered in Clark's favor. We affirm on all three issues Appellants raise[*] and write to explain our reasoning with regard to the permanency issue.

During trial, there was little dispute that Clark had permanent injuries. However, some expert testimony was presented indicating that some of Clark's injuries may have existed prior to the crash or were otherwise unrelated to the crash.

Following the presentation of evidence, Clark moved for directed verdict on the issue of the permanency of her injuries, citing *Wald v. Grainger*, 64 So. 3d 1201, 1205 (Fla. 2011) ("[W]hen medical evidence on permanence is undisputed, unimpeached, or not otherwise subject to question based on the other evidence presented at trial, the jury is not free to simply ignore or arbitrarily reject that evidence and render a verdict in conflict with it."). Appellants opposed the motion for directed verdict, contending that "the jury could disregard the testimony of the doctors, the experts in this case, and find that Ms. Clark has not suffered a permanent injury." Because the jury could not ignore undisputed expert testimony without a reason, *see id.*, the trial court correctly rejected this argument.

On appeal, Appellants argue that the trial court erred in granting directed verdict on permanency because causation was

---

[*] We also affirm with regard to the cross-appeal issues Clark raises.

2

disputed. In *Wald*, undisputed evidence showed that the plaintiff's thigh injury was caused by the car crash and was permanent. *Id.* at 1204. The trial court granted directed verdict on the issue of permanency and the supreme court ultimately agreed, stating that "where the evidence of injury and causation is such that no reasonable inference could support a jury verdict for the defendant, it is not improper to direct a verdict on the permanency issue for the plaintiff." *Id.* The supreme court stated that a jury may only reject expert testimony if it has a reasonable basis to do so, such as "evidence that disputes the injury claim." *Id.* at 1205-06. Unlike in *Wald*, Appellants argue, causation was at issue here and thus "the injury claim" was disputed, precluding directed verdict on permanency. *Cf. Duclos v. Richardson*, 113 So. 3d 1001, 1003-04 (Fla. 1st DCA 2013) (holding that defense expert's opinions—that the plaintiff's permanent injury was caused by arthritis and that the injury caused by the car crash was not permanent—precluded directed verdict on permanency despite the opinions of three plaintiff's experts to the contrary). Clark asserts that this argument conflates the issues of causation and permanency and, while there was some evidence disputing the "injury claim" on the basis of causation, there was no evidence that disputed permanency. Clark argues that *Wald* supports her argument, 64 So. 3d at 1205 ("the jury is not free to simply ignore or arbitrarily reject that evidence"), and *Duclos* is distinguishable, 113 So. 3d at 1003 (the expert testified that "the neck injury caused by the accident was temporary").

It is unnecessary for us to decide whether directed verdict as to permanency is appropriate when causation is disputed because Appellants did not raise that argument below. *See Adkison v. Morey*, 239 So. 3d 205, 207 (Fla. 1st DCA 2018) ("It is not our function 'to entertain for the first time on appeal, issues which the complaining party could have, and should have, but did not, present to the trial court.'" (quoting *Fla. Emergency Physicians–Kang & Assocs., M.D., P.A. v. Parker*, 800 So. 2d 631, 636 (Fla. 5th DCA 2001))). Appellants only opposed directed verdict on the basis that "the jury could disregard the testimony of the doctors, the experts in this case[.]" The supreme court rejected this argument in *Wald*, and the trial court did not err in rejecting it below. For this reason, regardless of whether Appellants' argument—that evidence relating to causation created a jury question as to

3

permanency—is correct, we affirm the trial court's ruling on this issue.

AFFIRMED.

MAKAR and JAY, JJ., concur.

---

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

---

Charles W. Hall and DeeAnn J. McLemore of Banker Lopez Gassler, P.A., St. Petersburg; Ezequiel Lugo of Banker Lopez Gassler, P.A., Tampa; Jamie L. White and Michael S. Donsky of Dell Salter, P.A., Gainesville, for Appellants/Cross-Appellees.

Roy D. Wasson and Annabel C. Majewski of Wasson & Associates, Chartered, Miami, and Howard G. Butler of Butler Law Group, Jacksonville, for Appellee/Cross-Appellant.