63 So.2d 193 (1953)
YOUSKO
v.
VOGT et al.
Supreme Court of Florida, Division A.
February 17, 1953.
Rosin & Paderewski, Sarasota, for appellant.
Paul M. Souder, Sarasota, and Robert J. Marshall, Palmetto, for appellees.
HOBSON, Chief Justice.
The only question presented by the appellant is whether the trial judge committed reversible error when he refused to charge the jury on the doctrine of "last clear chance."
Our examination of the record in this case convinces us that the learned Circuit Judge did not err in refusing to give charge No. 11 as requested by counsel for appellant. Although this requested charge is copied almost verbatim from our opinion in the case of Merchants Transportation Company v. Daniel, 109 Fla. 496, 149 So. 401, 404, it was not a proper charge to be given in this case because the evidence shows that the negligence of each party litigant was concurrent. In such a situation the doctrine of "last clear chance" is not applicable. Merchants Transportation Co. v. Daniel, supra, and cases therein cited. In this case it is obvious that neither party had the last "clear opportunity of avoiding" the accident. Although each party had a clear, unobstructed view, neither saw the other until the instant before the appulse, at which time appellant admits he saw the automobile. Counsel for appellant contend that the driver of the car, had she been exercising reasonable care and looking where she was going with "seeing eyes", would have seen their client in time to have avoided the accident. The fact remains, however, that the jury had a right to believe the testimony of Elberta Rosier, who was driving the automobile which collided with the skooter, when she definitely testified that she did not see Mr. Yousko "until he struck the corner of the car" although she "glanced" both ways before proceeding into the intersection. Her failure to see him was, at most, nothing *194 more than a continuation of her negligence. No point is raised on this appeal with reference to the question of the negligence of Elberta Rosier. The case apparently was determined by the jury upon the basis of contributory negligence of appellant which his request for a charge upon the doctrine of the "last clear chance" presupposes. Appellant did not merit the benefit of a charge upon the doctrine of "last clear chance". Davis v. Cuesta, 146 Fla. 471, 1 So.2d 475.
A trial judge when faced with a request for a charge upon the doctrine of the "last clear chance" should be extremely cautious. Such a charge should never be given unless the evidence clearly demonstrates its applicability. If this be not true, the giving of such a charge would either work an advantage to the plaintiff to which he would not be entitled or at least would tend to confuse, rather than aid, the jury in the performance of its duty.
It follows that our judgment should be and is one of affirmance.
Affirmed.
TERRELL, THOMAS and SEBRING, JJ., concur.