SMITH, FRANK A., Associate Judge.
This was an action for damages by ap-pellee Tantlinger, who will be referred to as plaintiff, against appellants Frank Smith and Delores Smith, who will be referred to as defendants. William Timmerman was also a defendant, but the verdict was in his favor whereas it was against the defendants Smith.
As the assignments of error only raise questions as to instructions on damages no further statement as to the issues is required and we need only mention that the charges as to damages pertain to permanent injury and loss of earnings and earning capacity of plaintiff and the refusal of the Court to give one of defendants’ requested charges.
Point No. 1 attacks that portion of a charge as to damages in which the Court informed the jury that in arriving at what compensation should be awarded plaintiff among other factors they were entitled to consider his “incapacity to follow his usual occupation since the injury”. A proper determination of the point requires a consideration of the entire charge from which this portion was singled out for attack.
The charge in its entirety was as follows:
“I further charge you that if you find from the evidence that the plaintiff is entitled to recover, the measure of his damages will be such sum as will justly compensate him for the injury and loss shown to have been inflicted and sustained. In arriving at that compensation, you are entitled to consider the health and physical condition of the plaintiff before and after the injury; the loss of time and incapacity to follow his usual occupation since the injury; and sums necessarily and reasonably expended or incurred by him for the services of physicians, surgeons or therapist seeking his cure; any sums necessarily and reasonably expended for hospital expenses, medicines, and mechanical aids or braces for his body as a result of such injury; the bodily pain and anguish he has suffered and will continue to suffer by reason of such bodily injury; the effect of the injury on his age, sex, condition and circumstances in life, and earning capacity. If you find that the plaintiff has been permanently injured or disabled, you may award to him such sums as will compensate him for such injury. You may consider his probable future earnings from the present time to the end of his life expectancy; his earning capacity at the time of the injury and the extent to which that capacity has been reduced by the injury. The amount you find as future damages must be reduced to the present value, and such present values awarded by your verdict.” (Emphasis supplied.)
The clause complained of appears in a sentence in which the several elements of present damages that may be considered are enumerated. This particular portion mentions his loss of time and incapacity to work since the injury, which covers the period from June 16, 1956, to the date of the trial May 21, 1957.
In the next sentence relating to permanent injury and future damages the Court told the jury they may consider his probable future earnings * * * his earning capacity at the time of the injury and the extent to which that has been reduced.
Any vice in the charge by reason of specifically mentioning as a factor his incapacity in his former employment and failing to explain that they should consider his earning capacity in other lines of employment applies only to loss suffered up to the trial and according to the record he *842 had been unable to work since he suffered his injuries. He had attempted to get a job and did work one day driving a cab but found that because of his physical condition he was unable to do it.
With reference to permanent injury and damages therefrom, the instruction is correct as to how they should consider any difference in his earning capacity as reduced by the injury.
It is our conclusion that no error was committed in giving the charge.
It is pointed out that defendants failed to object to the giving of the charge on proximate cause at the conference called by the Court to settle the charges at the close of the evidence in compliance with 31 F.S.A. rule 2.6(b), Rules of Civil Procedure. As this rule provides that error may not be assigned without objection to its giving at that time, the Court must decline to consider the point.
The third assignment is the refusal of the Court to give defendants Smiths’ instruction No. 7, reading as follows:
“I charge you that, with respect to the alleged discomforts or injuries claimed for the plaintiff in this case, the burden of proof is upon the plaintiff, as it is with respect to the question of liability, to show by a fair preponderance of the evidence, not only that such discomfort really existed but also that such discomforts and injuries were the result of the occurrence in question, and the burden is not upon the defendants to show that such discomforts or injuries do proceed or arise from any other cause. You are further instructed that you have no right to guess or conjecture that any discomforts or injuries which plaintiff might have had resulted from the occurrence in question.”
Unless the jury were so instructed error was committed. To determine whether the points were covered the entire charges have been examined and it has been ascertained that all of the material points embraced in the requested charge were amply covered. Finding no error in the first mentioned charge, and none in the refusal to give the requested charge and that the Court cannot consider the charge on proximate cause, the judgment is affirmed.
KANNER, C. J., and ALLEN, J., concur.