PER CURIAM.
Plaintiffs have appealed a final judgment entered upon a jury verdict rendered in favor of defendants. The action is in tort seeking damages for personal injuries sustained by the minor plaintiff as a result of the alleged negligent operation of a motor vehicle by defendant.
Appellants contend that the trial court erred in denying their request for an instruction to the jury on the doctrine of last clear chance. We have carefully examined the evidence adduced at the trial but find that it, together with all reasonable inferences deducible therefrom, is insufficient to establish the presence of those elements defined in the case of James v. Keene[1] as essential to the doctrine of last clear chance. Such instruction should never be given unless the evidence clearly demonstrates its applicability.[2] From the foregoing we conclude that the trial court acted in the exercise of its lawful discretion and in accordance with established principles of law when it denied appellants’ request for the instruction in question.
*834 We have carefully considered appellants’ remaining points on appeal by which they challenge the correctness of the court’s ruling on the admission of one item of evidence, and in denying another requested instruction to the jury. It is our view that appellants have failed to demonstrate prejudicial error in either of the rulings of which complaint is made.
The judgment appealed is accordingly affirmed.
RAWLS, C. J., and WIGGINTON and CARROLL, DONALD K., JJ., concur.

. “ ‘(1) That the injured party has already come into a position of peril; (2) that the injuring party then or thereafter becomes, or in the exercise of ordinary prudence ought to have become, aware not only of that fact, but also that the party in peril either reasonably cannot escape from it, or apparently will not avail himself of opportunities open to him for doing so; (3) that the injuring party subsequently has the opportunity by the exercise of reasonable care to save the other from harm; and (4) that he fails to exercise such care.’ ” James v. Keene, (Fla.1961) 133 So.2d 297, 299, 300.

. Yousko v. Vogt, (Fla.1953) 63 So.2d 193.