CALDWELL, Justice.
This cause is here on petition for writ of certiorari alleging jurisdictional conflict with the Yousko [1] decision.
The only question presented is whether the trial judge committed reversible error in refusing to charge the jury on the doctrine of last clear chance.
The facts are the minor deceased, Mattie Jo Wiggen, was struck by a school bus owned by petitioner, Bethel Apostolic Temple, a non-profit corporation which conducted a kindergarten, and driven by petitioner, Kathleen D. Minus, a teacher and bus driver. Petitioner Minus testified that, because she was familiar with the area where many children played in the afternoon, she was operating the vehicle with special care at between 10-15 miles per hour when she felt something strike the bus and that, although she was looking straight ahead, she did not see the deceased until after the accident. The accident occurred in a 30-mile speed zone, on a street seventeen feet eight inches wide with no center line on which cars were parked on both sides. The only eyewitness was a seven or eight year old child.
The investigating officer testified the bus was traveling between 15-20 miles per hour prior to impact, that there were three dents on the front of the bus, one on each side and one in the middle, any one of which could have been the point of impact between the child and the bus. He said, also, without giving evidentiary basis therefor, that deceased ran into the street from the south side. The witness Doris Akins, having talked with Jeff Hall, the seven or eight year old eyewitness, testified she could not determine whether the children entered the street from the north or south.
The trial court declined to charge the jury on last clear chance and the District Court of Appeal, Third District, reversed, holding there was more “than a mere possibility that the driver, in the exercise of ordinary prudence, should have become aware of the deceased as she moved from the south side of the street crossing the strip leading to the edge of the street and then traveling at least eleven feet four inches on the street directly in front of the bus. Since a vehicle going fifteen miles per hour travels only 15-17 feet during the average reaction time, the jury could have found that the driver had an opportunity, by the exercise of reasonable care, to avoid hitting the deceased by putting on her brakes and slowing down to allow the child to pass, by swerving the bus or by stopping.” [2]
But the evidence disclosed by the record is conjectural and speculative. It is uncertain where the deceased was prior to the accident, how or from what direction she reached the point of impact; whether, in fact, the driver of the bus should have observed the deceased or whether, had she observed the deceased, she could have avoided the injury. The element of negligence is not established.
Instruction on the last clear chance should not be given unless the evidence clearly demonstrates its applicability.[3] It must be shown the negligence of the injured person placed him in peril, that the driver of the automobile was put or should have been put on notice of such peril and, having the legal duty to avoid and the capability of avoiding the injury, failed to *799 do so.[4] As was held in the Merchants’ Transportation case[5] “last clear chance implies thought, appreciation, mental direction, and the lapse of sufficient time to effectually act upon the impulse to save another from injury, or proof of circumstances which will put the one charged to implied notice of the situation.”
Because, in the matter sub judice, there is no evidence upon which to base the requisite assumptions of fact, we hold the trial court correctly refused to charge the jury on the doctrine of last clear chance.
The decision under review is quashed.
O’CONNELL, C. J., and THOMAS and ROBERTS, JJ., concur.
DREW, THORNAL and ERVIN, JJ., dissent.

. Yousko v. Vogt, 63 So.2d 193 (Fla.1953).

. Wiggen v. Bethel Apostolic Temple, 192 So.2d 796, 798 (Fla.App.3rd 1966).

. Yousko v. Vogt, 63 So.2d 193, 194 (Fla. 1953).

. Connolly v. Steakley, 197 So.2d 524, Fla. Sup.Ct., special concurring opinion of O’Connell, J., filed Jan. 25, 1967, and, on rehearing, special concurring opinion of Barns (Ret.), J., filed April 12, 1967.

. Merchants’ Transportation Co. v. Daniel, 109 Fla. 496, 504, 149 So. 401, 404 (1933).