WIGGINTON, Chief Judge
(dissenting).
I regret my inability to agree with the majority opinion which holds that the trial court erred in refusing appellant’s request that the jury be instructed on the doctrine of last clear chance.
Appellee’s automobile was traveling in an easterly direction at the rate of 40 miles per hour or more as it approached an intersection controlled by an electric traffic signal which displayed the green or go light in the direction of appellee’s course of travel. The evidence establishes that appellant’s deceased traveling northerly entered the intersection against the red traffic light and directly in the path of appellee’s oncoming vehicle when appellee had reached a point only 150 feet from the intersection. Appel-lee’s vehicle struck the decedent’s automobile, resulting in the damages which formed the basis of this action.
At the speed of appellee’s vehicle at the time he approached the intersection, he was traveling at the rate of more than 55 feet per second. Although he testified that he did not see the decedent until both his vehicle and that of the decedent had reached the intersection, we may assume from the testimony of a disinterested eyewitness that defendant did see, or should have seen, the decedent when he reached a point 150 feet west of the intersection before the collision occurred. Even viewing the evidence in the light most favorable to appellant, the fact remains that defendant had less than three seconds within which (1) to form a judgment that the decedent was not going to stop in obedience to the red traffic light signal, (2) to react to the perilous situation created by decedent’s failure to obey the traffic signal, and (3) to stop his vehicle before colliding with the one driven by the decedent. This evidence fails to clearly demonstrate the applicability of the doctrine contended for with respect to the capability of appellee to have avoided the collision after becoming aware of the peril in which decedent’s negligence had placed himself. It was because of a failure to clearly demon *541 strate the applicability of the doctrine that the Supreme Court found the trial court in the Wiggen case was correct in refusing to charge the jury on the law of last clear chance.[1] It is my conclusion that the principle of law contended for by appellant is not applicable to the facts disclosed by the record in this case, and the trial court did not err in refusing to charge the jury on the doctrine of last clear chance. I would affirm the judgment appealed.

. Bethel Apostolic Temple v. Wiggin, (Fla.1967) 200 So.2d 797.