CARROLL, DONALD K., J.
The plaintiff in a negligence action has appealed from a final judgment for the defendant entered by the Circuit Court for Escambia County, based upon a jury verdict.
The two points on appeal raised for our determination in this appeal are whether the trial court erred in admitting into evidence the testimony of the witness Robert E. Slater and whether the trial court erred in refusing to give a charge requested by the plaintiff on the last clear chance doctrine.
The plaintiff, as the widow of John William Williamson, filed her complaint against the defendant for the wrongful death of her late husband, pursuant to Sections 768.01 and 768.02, Florida Statutes, F.S.A. alleging that on a certain date her husband was killed when he was struck by a pick-up truck owned and negligently driven by the defend *304 ant at an intersection near the City of Pensacola in the said county. To this complaint the defendant filed an answer denying the alleged negligence and alleging that at the said time and place the plaintiff’s decedent was guilty of negligence that constituted either the sole cause of the accident or contributory negligence proximately contributing to his death.
Briefly stated, the evidence at the trial showed that the deceased was struck by the defendant’s truck at the intersection of the Mobile Highway (U.S. Highway 90) and Osceola Trail in the said county. The defendant was driving his truck in a west northwesterly direction on the Mobile Highway, which was a four-lane highway, with two lanes for westerly traffic and two for easterly. At the time it struck the deceased, the defendant’s truck was travelling in the outside westerly lane. Several other automobiles were also travelling in the westerly lanes, not far from the truck, one of which, the defendant testified, was just ahead of him in the inside westerly lane. In support of his defense that the deceased was guilty of negligence, the defendant introduced evidence by which the defendant attempted to prove that the deceased, when he was struck by the truck, was not wearing the glasses that he needed and that he had been drinking not long before he was struck.
In his effort to prove that the plaintiff’s decedent had been drinking, the defendant called as a witness Robert E. Slater, whose testimony is the subject of the plaintiff’s first point on appeal, as mentioned above. Slater testified that around two hours before the collision, he encountered a man whom he knew as John at a service station on the southwest corner of an intersection on the Mobile Highway and judged from John’s smell and general appearance that he had been drinking alcoholic beverages but could not say that John was intoxicated. The plaintiff’s counsel objected to Slater’s testimony on the grounds that the evidence of alcohol had no bearing on the case, that there was no proper predicate to indicate that the deceased had been drunk and to conclude that this contributed to the happening of the accident, and that the testimony is “entirely too remote.”
No objection, however, was made by the plaintiff on the ground that there was insufficient evidence that the plaintiff’s decedent was the man whom Slater referred to as John. That ground was mentioned by the plaintiff for the first time in this appeal. The rule is well established in this state that a reviewing court should consider only such grounds of objections as were made before the trial court. This rule, supported by many Florida decisions, is thus summarized in 2 Fla.Jur., Appeals, Sec. 68, pages 403 and 404:
“An appellate court will consider only such grounds of objection to the admissibility of evidence or competency of a witness as were made in the court below and as are argued on the appeal. Objection must be made at the proper time.”
Applying the above rule to the plaintiff’s objection to Sanders’ testimony, we think that the plaintiff waived her objection on the ground of identification. As to the ground of remoteness which was stated to the trial court, we do not think that the court abused its discretion in overruling that objection.
The second point on appeal — the court’s refusal to give the instruction on the last clear chance doctrine — is not so easily disposed of. The basic rules governing the giving of instructions on the said doctrine were recognized by the Supreme Court of Florida in Douglas v. Hackney, 133 So.2d 301 (1961), holding that the trial court was correct in not instructing the jury on the last clear chance doctrine in a situation in which there was no clear factual basis for an inference that the defendant driver saw or should have seen the decedent-pedestrian sufficiently in advance of the impact to enable the driver to avoid the collision. The Supreme Court said: “If the evidence is lacking in any of these elements, then the instruction should not be given.”
*305 Finally, in Douglas v. Hackney, supra, the Supreme Court said:
“We again remind that an instruction on the doctrine of the last clear chance should be given only where the evidence clearly demonstrates its applicability. It is by no means a routine judicial observation to be included perfunctorily in the jury instructions in negligence cases.”
In the recent case of Wilder v. Van Dorn, 201 So.2d 775 (Fla.App.1967), we had occasion to discuss the elements that must be shown to exist before it becomes appropriate for the trial court to instruct the jury on the doctrine of the last clear chance. We pointed out that in James v. Keene, 133 So.2d 297 (1961) the Supreme Court of Florida had held that the following elements must exist in order to warrant a trial court’s giving of an instruction on the last clear chance doctrine:
“(1) That the injured party has already come into a position of peril; (2) that the injuring party then or thereafter becomes, or in' the exercise of ordinary prudence ought to have become, aware not only of that fact, but also that the party in peril either reasonably cannot escape from it, or apparently will not avail himself of opportunities open to him for doing so; (3) that the injuring party subsequently has the opportunity by the exercise of reasonable care to save the other from harm; and (4) that he fails to exercise such care.”
We also declared in the Wilder case, supra, that the third condition named in the above quotation:
“ * * * is of the essence of the last clear chance doctrine, emphasizing the fact that the last chance afforded to the injuring party must be a clear chance. This point has been stressed in many appellate decisions. For instance, in Lee County Oil Co. v. Marshall, 98 So.2d 510 (Fla.App.1957), we held that one of the conditions for the application of the said doctrine is that the injuring party was aware of the position of peril in which the injured party had placed himself and that the injuring party had sufficient time and means by the exercise of reasonable care to have avoided the ensuing injury. * * jfi ff
One of the latest expressions of the Florida Supreme Court on the subject of giving of jury instructions on the doctrine of last clear chance was in Bethel Apostolic Temple v. Wiggen, 200 So.2d 797 (1967), in which that court said:
“Instruction on the last clear chance should not be given unless the evidence clearly demonstrates its applicability. It must be shown the negligence of the injured person placed him in peril, that the driver of the automobile was put or should have been put on notice of such peril and, having the legal duty to avoid and the capability of avoiding the injury, failed to do so. As was held in the Merchants’ Transportation case ‘last clear chance implies thought, appreciation, mental direction, and the lapse of sufficient time to effectually act upon the impulse to save another from injury, or proof of circumstances which will put the one charged to implied notice of the situation.’
“Because, in the matter sub judice, there is no evidence upon which to base the requisite assumptions of fact, we hold the trial court correctly refused to charge the jury on the doctrine of last clear chance.”
Applying the foregoing rules to the case at bar: We have carefully read the transcript of the testimony at the trial, and find therefrom that there is insufficient evidence from which the jury could have reasonably concluded that the plaintiff’s decedent had already come into a position of peril and that the defendant subsequently had the opportunity by the exercise of reasonable care to save the decedent from harm. A fortiori, the defendant did not have the required clear opportunity to save the decedent from harm.
*306 In this state of the evidence, a jury instruction on the doctrine of last clear chance would have been inappropriate and improper.
Accordingly, the final judgment appealed from herein should be and it is
Affirmed.
WIGGINTON, Chief Judge, and RAWLS, J., concur.