220 So.2d 617 (1969)
Calvin PERDUE and Douglas Perdue, Petitioners,
v.
Hazel J. COPELAND, Individually, and As Surviving Spouse and As Personal Representative of the Estate of Horace W. Copeland, Sr., Deceased, Respondent.
No. 37224.
Supreme Court of Florida.
March 12, 1969.
*618 W.K. Whitfield and John A. Rudd, Tallahassee, for petitioners.
Julius F. Parker, Jr., of Parker, Foster & Madigan, Tallahassee, for respondent.
ROBERTS, Justice.
This cause is before the court on a petition for certiorari to review a decision of the District Court of Appeal, First District, in Copeland v. Perdue, Fla.App. 1967, 205 So.2d 537. Because of a direct conflict on the same point of law with the cases hereinafter cited, we issued the writ as authorized by Section 4(2), Article V, Florida Constitution, F.S.A.
The point of law concerns the applicability of the so-called last clear chance doctrine to the facts of the case sub judice. The question arose in an automobile intersectional collision case in which the plaintiff sued for damages for the wrongful death of her decedent, and the defendants filed a cross-claim for their damages, respectively, for personal injury to the defendant-operator and damages to the automobile of the defendant-owner thereof. The jury returned a verdict in favor of the defendants and cross-defendant, thereby disallowing the claims of all parties. The plaintiff appealed from the adverse verdict in her wrongful death action on the ground that the trial judge erred in refusing to give her requested charge on the last clear chance doctrine. A majority of the appellate court agreed and, in the decision here reviewed, reversed the judgment and remanded the cause for a new trial. This petition for certiorari followed.
The facts out of which the question arose are simple and, for the most part, are neither in dispute nor susceptible to more than one inference. The accident occurred at 7:30 on a clear Sunday morning. The automobile being driven by plaintiff's decedent was proceeding in a northerly direction in High Road in the City of Tallahassee. The defendant-operator of the other vehicle was travelling East on Tharpe Street. At the intersection of the two streets there is an electric traffic signal. According to a disinterested witness who was parked at a filling station at the intersection, the plaintiff's decedent approached the intersection at a slow rate of speed (about 15 miles per hour), slowed down as if to turn, but did not appear to have any intention of stopping in response to the traffic signal, which was red on High Road and green on Tharpe Street. Immediately after observing the plaintiff's decedent, the witness looked to his right and saw the defendant-operator about 150 feet away and could tell that the defendant was not going to stop, either. The defendant was travelling about 40 miles per hour. It was shown that both drivers had a clear and unobstructed view of traffic on the other intersecting streets for "a long ways."
It can be seen, therefore, that the jury could have found only that the plaintiff's decedent entered the intersection against a red light without stopping and obviously inattentive to the danger of approaching traffic; that the defendant-operator approached the intersection with a green light in his favor and inattentive to the possibility that a driver on High Road would disregard the red, or Stop, traffic signal. On the basis of these facts the appellate court ruled that the plaintiff should have had the benefit of the last clear chance doctrine in the determination of the question of the liability vel non of *619 the defendants for the death of the plaintiff's decedent. Its decision in this respect is in direct conflict with the decisions of this court in a long line of cases, starting with Merchants' Transportation Co. v. Daniel, 1933, 109 Fla. 496, 149 So. 401, which is the decision in which the doctrine was first recognized by this court. In a specially concurring opinion the late Mr. Justice Armistead Brown emphasized, quoting 22 R.C.L. pp. 144, 145, that the last clear chance doctrine
"* * * can never apply to a case where the negligence of the person injured continued up to the very moment of the injury, and was a contributing and efficient cause thereof." 149 So. at p. 405.
In Becker v. Blum, 1940, 142 Fla. 60, 194 So. 275, which was a pedestrian-automobile intersectional collision case, the evidence showed that the pedestrian-plaintiff stepped out from in front of a stopped vehicle directly into the path of the defendant's car, which had the green light in its favor. In holding that the last clear chance doctrine was not applicable, this court reiterated that
"This doctrine is predicated upon the facts that defendant had knowledge of the situation in time to act upon it, and that the negligence of the person injured did not continue up to the very moment of the injury and was not a contributing and efficient cause of it."
Again, in Davis v. Cuesta, 1941, 146 Fla. 471, 1 So.2d 475, this court emphasized the inapplicability of the doctrine in a case of concurrent negligence. In that case the facts were very similar to those in the case sub judice: There was an automobile intersectional collision, both drivers had a clear view of the other for 150 feet, and neither slackened his speed nor materially altered his course. In that case, however, it was the defendant who disregarded a Stop sign on his street at the intersection. In holding that the plaintiff was not entitled to the benefit of the last clear chance doctrine the court said:
"The claim of its benefits by this plaintiff presupposes his own contributory negligence in getting himself in the perilous position. Therefore, if his contributory negligence continued until the collision he cannot avail."
See also Yousko v. Vogt, Fla. 1953, 63 So.2d 193, and Shattuck v. Mullen, Fla. App. 1959, 115 So.2d 597, in which the benefit of the doctrine was denied because both parties litigant were guilty of concurrent negligence.
In an exhaustive opinion written by Mr. Justice O'Connell specially concurring in Connolly v. Steakley, Fla. 1967, 197 So.2d 524, the situations in which the doctrine may properly be given are spelled out in considerable detail. It is pointed out therein that substantially all courts, apparently excepting Missouri and Connecticut, refuse to apply the doctrine in a situation where both parties are negligently inattentive, even though the defendant would have discovered and realized plaintiff's danger, had he exercised the vigilance he owed to plaintiff, in time to avoid injuring plaintiff by the use of reasonable care. As stated by Mr. Justice O'Connell,
"Here the negligent acts of plaintiff and defendant are not only concurrent, but also equivalent. The negligent failure of the plaintiff to discover his own peril is matched by the negligent failure of the defendant to discover the peril of the plaintiff. It is generally recognized that there is no valid reason to prefer the plaintiff in such situations."
The specially concurring opinion in the Connolly case was cited in Morse Auto Rentals, Inc. v. Kravitz, Fla. 1967, 197 So.2d 817, and in Bethel Apostolic Temple v. Wiggen, Fla. 1967, 200 So.2d 797, both of which were pedestrian-automobile collision cases.
In the decision here reviewed the appellate court completely ignored the "concurring *620 negligence" rule, contrary to and in direct conflict with the decisions referred to above. Accordingly, its decision must be quashed.
In fairness to the appellate court and counsel for the plaintiff, it should be pointed out that the decision of this court in James v. Keene, Fla. 1961, 133 So.2d 297, may have misled the appellate court and counsel for appellant into the error above referred to. In that case this court reversed a decision of an appellate court (James v. Keene, 121 So.2d 186) in which it was held, following Yousko v. Vogt, supra, 63 So.2d 193, that the plaintiff (a crossing pedestrian) was not entitled to a charge on the last clear chance when the evidence showed that she was completely inattentive to the danger of defendant's approaching automobile and could have avoided it in the exercise of due care. The appellate court was careful to point out that, if the evidence had shown that the plaintiff-pedestrian was in a position of conscious peril from which she could not extricate herself, the last clear chance instruction would have been proper, 121 So.2d at page 189. As noted, this court quashed the appellate court's decision and, in so doing, adopted the rule of a Connecticut court decision that, in effect, authorized the application of the last clear chance doctrine to a plaintiff who is in a position of peril and "apparently will not avail himself of opportunities open to him for doing so." Caplan v. Arndt, 1938, 123 Conn. 585, 196 A. 631, quoted in James v. Keene, supra, 133 So.2d 297.
As pointed out by Mr. Justice O'Connell in his specially concurring opinion in Connolly v. Steakley, supra, 197 So.2d 524, the portion of the rule quoted above has been interpreted by the District Court of Appeal of this state as authorizing the application of the last clear chance doctrine in a situation in which the plaintiff and the defendant are both guilty of negligent inattention. See 197 So.2d at page 533. We wish to make clear that it was not our intention to do so and, insofar as the decision in James v. Keene, supra, 133 So.2d 297, can be so interpreted, we hereby recede therefrom.
This court has said many times that the last clear chance doctrine is not to be given indiscriminately in negligence cases. It is only when there is competent substantial evidence to support a finding of the circumstances requisite to the application of the rule that it should be given. The giving of the charge on last clear chance should be the exception and not the rule since, ordinarily, the case may and should be decided on the established principles of law relating to proximate cause, under appropriate instructions thereon from the court. It should never be given when, as in the case at bar, the evidence shows without dispute that the plaintiff (or his decedent, in a wrongful death action) was guilty of negligence that continued up to the time of impact and was a substantial factor in the resulting collision. When more than one inference can be deduced from the evidence as to whether plaintiff's negligence has terminated, leaving him in a position of peril from which he cannot extricate himself, a charge relating to the defendant's last clear chance to avoid the injury, if otherwise proper, should be accompanied by one relating to the continuing negligence, vel non, of the plaintiff. See Merchants' Transportation Co. v. Daniel, supra, 149 So. 401.
At the risk of unduly lengthening this opinion, we think it is pertinent to observe that the factual situation in which we applied the rule in James v. Keene, supra, 133 So.2d 297  a "crossing pedestrian" case  might be said to be sui generis. Even though a pedestrian may be guilty of negligence, per se, in entering a thoroughfare to cross it at a place not marked for pedestrians, his technical negligence in so doing is not necessarily contributory negligence  that is, negligence that is a substantial factor *621 in causing his injury. See Brandt v. Dodd, 1942, 150 Fla. 635, 8 So.2d 471. Thus, in a great many of the cross-pedestrian cases the question of plaintiff's negligence, as a proximate concurring cause of the injury, arises out of facts existing at a later stage, that is, when the pedestrian has reached a position of peril from which he either can or cannot, by the exercise of reasonable care, extricate himself. As pointed out by Mr. Justice Thornal in his opinion in James v. Keene, supra, 133 So.2d at page 301, in such a case "it is much more difficult to determine as a matter of law that the pedestrian has failed to exhaust all reasonable possibilities of escape." In the cases cited in James v. Keene, supra, 133 So.2d 297, and expressly reaffirmed therein, namely, Falnes v. Kaplan, Fla. 1958, 101 So.2d 377, and Edwards v. Donaldson, Fla.App.2d 1958, 103 So.2d 256, it was shown that the plaintiff-pedestrians were walking on the side of the road and had an opportunity to step aside and avoid being injured. In these circumstances, the plaintiff's negligence in the first instance, if any, "would not be deemed terminated or culminated but would continue and constitute contributory negligence." Edwards v. Donaldson, supra, 103 So.2d at page 260. Thus, we held that the trial courts properly refused to give a charge on the last clear chance doctrine as requested by the plaintiff-pedestrians.
It should also be noted that in James v. Keene, supra, 133 So.2d 297, the opinion cited and expressly reaffirmed Yousko v. Vogt, supra, 63 So.2d 193, which was concerned with an intersectional collision between an automobile and a motor scooter. The evidence showed that each had a clear view of the other. In holding that the plaintiff was not entitled to the benefit of the last clear chance doctrine, this court reiterated the principle that the last clear chance doctrine is not applicable when the evidence shows that the negligence of each party litigant is concurrent.
Since the decision here reviewed must be quashed because the evidence showed conclusively that the plaintiff's decedent was guilty of negligence that continued up to the time of impact by running a red light and failing to observe the oncoming vehicle operated by defendant, it is not necessary to decide whether the opinion of the majority is in conflict with Bethel Apostolic Temple v. Wiggen, Fla. 1967, 200 So.2d 797, relied on by the dissenting judge. We do think it is pertinent to note, however, that the defendant-operator had a green light from the time he was at least 150 feet, and perhaps three or four hundred feet, away from the intersection. Common experience tells us that in such a situation a driver does not slow down on the off chance that another driver on the intersecting street will run the red light; ordinarily, he maintains the normal and legal rate of speed in the hope of reaching and crossing the intersection while the light is still in his favor. The language of Mr. Justice Thomas in Falnes v. Kaplan, Fla. 1958, 101 So.2d 377, is pertinent here:
"It would, in our opinion, be unjust to hold that a motorist should expect a pedestrian to be strolling where he had no right to stroll and then be held responsible for damages if a jury should decide that had the motorist been on the lookout for what there was no reason to anticipate he would have had the last clear chance to avoid injury."
In cases where contention is made for a charge on the last clear chance in contrast to the doctrine of concurrent or contributory negligence the trial judge, hearing all the evidence, must be given a wide discretion but subject to review for an abuse of it. After carefully reading the entire jury charge, we are of the opinion he did not abuse his discretion and that the jury was properly instructed.
For the reasons stated, the decision here reviewed should be and it is hereby
Quashed.
*622 ERVIN, C.J., and CARLTON, ADKINS and BOYD, JJ., concur.
DREW, J., dissents with opinion.
THORNAL, J., dissents and agrees with DREW, J.
DREW, J. (dissenting):
I do not find in this record such decisional conflict as would authorize this Court to grant certiorari under the applicable provisions of the Constitution. I think this is evident when the majority opinion is carefully examined. In fine, it merely takes issue with the District Court on the question of whether the trial court should have charged the jury on the doctrine of last clear chance under the particular facts in this case. In this respect, it is elemental that we are bound, in determining the question of conflict, to accept as true the evidence in the trial as related in the District Court opinion. The evidence on the critical issue related in the opinion of the District Court follows:
"In the case at bar, the evidence given by Mr. Hines shows the injured party in a position of peril when the defendant was some one hundred fifty feet from him. The defendant himself testified that when he first saw the injured party's car, they were both in the intersection. If the defendant's testimony stood alone in the record, there is no question but that there was no showing of sufficient time within which he could have avoided the collision. Were such the case, there would be no place here for the last clear chance instruction. But the defendant's evidence does not stand alone. The witness Hines' testimony, if believed by the jury, could logically have been the basis for the finding that the defendant did have a reasonable opportunity, a last clear chance, in the exercise of reasonable care to avoid the accident. Herein lay the conflict in evidence that should have been resolved by the jury. Questions arising from conflicting evidence in a negligence case, including cases predicated upon the doctrine of last clear chance, should be resolved by a jury under appropriate instructions. Merchants' Transportation Co. v. Daniel, 109 Fla. 496, 149 So. 401; Dunn Bus Service, Inc. v. McKinley, 130 Fla. 778, 178 So. 865."
Under these facts I think the District Court reached a conclusion entirely consistent with the former decisions of this Court.
Moreover I think the majority gives too much weight to the views expressed in the specially concurring opinion of Mr. Justice O'Connell in Connolly v. Steakley. That opinion was not the opinion and decision of the Court in that case. They were the views of the Justice preparing the opinion and the Justice who concurred in it. The opinion in that case was one discharging the writ of certiorari as having been improvidently issued. My views concerning the issues in Connolly v. Steakley and in general the circumstances under which this charge should be given are stated in the dissent.
One of the most dangerous drivers on the highway is he who always expects the other fellow to do what he is supposed to do and proceeds blindly on that assumption. A green light does not constitute a license to blindly drive ahead with utter disregard of safety of others. This, as I view it, is the reason the District Court determined that the cause should have been submitted to the jury with an appropriate instruction.
I would discharge the writ as improvidently issued.
THORNAL, J., concurs.