**Mary Lee BOX as guardian of Vera Mae Ellis, Bobby Lee Ellis, and Johnny D. Ellis, minors, and Sara Ellis, Plaintiffs,**

v.

**SOUTH GEORGIA RAILWAY COMPANY, a Georgia corporation, Defendant.**

**No. 1363.**

United States District Court
N. D. Florida,
Tallahassee Division.

April 11, 1969.

**924**

J. Ben Watkins, of Truett & Watkins, Tallahassee, Fla., for plaintiffs.

James E. Cobb, of Mathews, Osborne & Ehrlich, Jacksonville, Fla., for defendant.

## ORDER DENYING MOTION FOR JUDGMENT NON OBSTANTE VEREDICTO

CARSWELL, Chief Judge.

This case comes before the Court on defendant's motion for judgment non obstante veredicto based upon a recent decision of the Supreme Court of Florida, Perdue v. Copeland, 220 So.2d 617 (Fla.1969), in regard to the applicability of the doctrine of "last clear chance" in the State of Florida. Defendant here alleges that it was error to instruct the jury upon the possible application of the last clear chance doctrine.

Briefly, the facts in the present case show that plaintiffs' deceased mother, Josie Ellis, was walking upon defendant's railroad tracks in Perry, Florida, as was the custom of those living in her neighborhood who went to and from town. Defendant's train was engaged in a "switching operation" and was proceeding backwards in the same direction as the deceased. The train overtook the deceased and struck her, killing her instantly. At the time of the accident Josie Ellis was and had been for many years completely deaf. The facts can only support the conclusion that Josie Ellis never heard the train or the warning shouts of its crew who were aware of her presence and who attempted to gain her attention. There was evidence that the jury could believe, and evidently did, to the effect that the defendant's train crew was aware, within a sufficient time in order to stop the train, that Josie Ellis was unaware of the approaching train and that she was not likely to move out of the way before impact.

In Perdue v. Copeland, supra, the Supreme Court of Florida gave an exhaustive survey of the doctrine of last clear chance as applied in Florida. The basis of the *Perdue* decision, which upheld the trial court's refusal to instruct the jury upon the doctrine in an automobile intersection collision case, is that the last clear chance doctrine, quoting the late Mr. Justice Brown's concurring opinion in Merchants' Transportation Co. v. Daniel, 109 Fla. 496, 149 So. 401 (1933):

> "* * * can *never* apply to a case where the negligence of the person injured continued up to the very moment of the injury, and was a contributing and efficient cause thereof." (Emphasis added.) 220 So.2d at 619; 149 So. at 405.

While it would seem that the above would preclude the doctrine's application to the present case, a close examination reveals the defendant's reliance upon *Perdue* as a basis for judgment non obstante veredicto is misplaced. In the present case we have an unusual situation due to Josie Ellis' physical impairment. She never heard the train or the warning shouts of some members of the crew who were themselves, however, fully aware of her presence. The *Perdue* case, on the other hand, involves a situation to which neither party was aware of the other due to negligent inattention.

The present case falls directly into a category recognized by the Florida Supreme Court as factually sufficient to apply the doctrine of last clear chance. This category is in effect recognized by *Perdue* via favorable reference to Justice O'Connell's concurring opinion in Connolly v. Steakley, 197 So.2d 524 (1967):

> "(w)here plaintiff himself could avoid danger by checking his approach to it or by stepping out of its path but fails to do so because of negligent inattention, and defendant knows plaintiff's position and realizes his inattention

and after such knowledge and (*actual* or *constructive*) realization could have avoided injury by the use of reasonable care." (Emphasis added.) 197 So. 2d at 526.

Defendant in the present case would argue that *Perdue* stands for the proposition that where the negligence of the plaintiffs' deceased continued to the moment of impact the last clear chance doctrine could never apply. While a superficial reading at the extracted portion of Justice Brown's concurring opinion in Merchants' Transportation Co. v. Daniels quoted by the *Perdue* court, supra, would lead to that conclusion, it will not stand under close scrutiny. That portion of the *Perdue* opinion suffers from the Court's failure to clearly define and separate the various factual situations surrounding the vicissitudes of the doctrine's application. A close examination of *Perdue* and the cases cited favorably therein shows that the application of concurrent negligence as a bar to the doctrine of last clear chance is applicable *only* to those situations in which *both parties* are negligently inattentive. This is recognized by the Court in *Perdue* via reference to Justice O'Connell's concurring opinion in Connolly v. Steakley, supra, wherein Justice O'Connell quotes Chief Justice Davis in Merchants' Transportation Co. v. Daniel, supra:

> "It *is* certain however that there are two situations in which it [last clear chance] is uniformly applied: (1) assuming that a traveler has negligently placed himself in a dangerous situation upon the highway, where ever the person in control of a motor vehicle which *actually sees* his situation and should appreciate his danger, the last clear chance rule applies *without regard to the continuing negligence of the traveler concurring with that of the operator up to the very instant of the injury*." (Emphasis added.)

The present case falls directly into this factual situation and under the law of Florida the instruction given the jury upon the doctrine of last clear chance was proper.

It is, therefore, upon consideration, hereby

Ordered:

1. Defendant's motion for judgment *non obstante veredicto* is denied.

2. Defendant's alternative motion for a new trial is denied.