PER CURIAM.
Appellants seek review of an adverse final judgment based upon a jury verdict rendered in favor of appellees. The questions on appeal concern the sufficiency of the evidence to support the verdict; the court’s instruction to the jury on the defense of contributory negligence interposed by appellees; and refusal of the court to instruct the jury on the doctrine of last clear chance as requested by appellants.
In our review of the issues presented for decision, we have given due consideration to the applicable principle that a judgment of the trial court reaches the appellate court clothed with a presumption of correctness. The record reveals that, although the evidence is conflicting and subject to different reasonable inferences which may be drawn therefrom, there is substantial evidence to support the findings made by the jury and the conclusions reached by the trial court. It is not the province of this court to substitute its judgment for that of the triers of the facts. These findings will not be disturbed in the absence of a clear showing that the trial court committed prejudicial error or that the evidence demonstrates that the conclusions reached are *823 erroneous.[1] For the foregoing reasons, we hold that the trial court did not err in denying appellants’ motion for a directed verdict on the issue of liability as to appel-lee Sunrise Oldsmobile, Inc., nor did it abuse its discretion in denying appellants’ motion for a new trial grounded upon the premise that the verdict is contrary to the manifest weight of the evidence.
At no time during the conference on instructions to the jury, nor at any time thereafter, did appellants object to the court’s instruction on the issue of contributory negligence raised by the defenses interposed by each appellee. Such objection may not be raised for the first time on appeal as has been attempted herein by appellants.[2] Even had objection been timely made, we find in the record sufficient evidence to carry this issue to the jury and the court’s instruction thereon was therefore proper and necessary.
We cannot agree with appellants’ contention that the court erred in denying their request for an instruction on the doctrine of last clear chance. It has been pointed out that this instruction should be sparingly given, and then only under such factual presentation as clearly warrants the application of the principle to the issues in the case.[3] We fail to find in the evidence proof of the requisite elements necessary to activate the doctrine of last clear chance. It is our view that the trial court correctly rejected such request as unsupported by the evidence in the case and refused to instruct the jury thereon.[4]
The judgment appealed is affirmed.
SPECTOR, C. J., and WIGGINTON and JOHNSON, JJ., concur.

. Old Equity Life Insurance Company v. Levenson (Fla.App.1965), 177 So.2d 50; Stoller v. Jaffe (Fla.App.1961), 125 So.2d 310.

. Rule 1.470(b), R.C.P., 30 F.S.A.
Smith v. Tantlinger (Fla.App.1958), 102 So.2d 840.

. Perdue v. Copeland (Fla.1969), 220 So.2d 617.

. Bethel Apostolic Temple v. Wiggen (Fla.1967), 200 So.2d 797; Lee County Oil Company v. Marshall (Fla.App.1957), 98 So.2d 510.