PER CURIAM.
Karl L. Koch died as a result of injuries sustained when he was struck by an automobile driven by defendant, Jeffry Charles Cantin. Koch’s widow, Mary J. Koch, brought this wrongful death action and the jury returned a verdict in favor of defendant. The point of law concerns the applicability of the last clear chance doctrine to the facts of the case sub judice. Appellant contends the trial court erred in failing to give a requested instruction on this doctrine.
The record clearly reflects that Mr. and Mrs. Koch went for a neighborhood stroll following their dinner on the evening of October 3, 1970. After they paused on a corner of an intersection, Mr. Koch, a man in his late sixties, started across the street alone but hesitated in the middle of the street. Due to traffic he could not return to the corner on which his wife stood and in spite of the oncoming traffic in the other lane he continued across the street. Defendant-Cantin was approaching the intersection through which plaintiff was moving. Cantin, although generally familiar with the intersection, could not see the road distinctly in front of him due to the headlights from the oncoming traffic reflecting off the wet pavement obscuring his vision. Cantin testified that when he saw Koch he applied his brakes but was unable to avoid hitting him. Koch was struck by the right front of defendant’s vehicle.
In Connolly v. Steakly, Fla.1967, 197 So.2d 524, Justice O’Connell, specially concurring, gives an exhaustive examination of the doctrine of last clear chance. Four categories of factual situations are given in which the application of the doctrine of last clear chance can be properly considered :
“(1) Where plaintiff is in peril and is unable to get out of it by the exercise of reasonable care, and defendant knows plaintiff’s position and either realizes or has reason to realize the danger to plaintiff, .and thereafter could have avoided the injury by the use of reasonable care.
“(2) Where plaintiff is similarly in helpless peril and defendant, though he did not discover plaintiff, would have discovered and appreciated plaintiff’s danger in time to avoid injuring him by the use of reasonable care, had defendant exercised the vigilance which the law required of him for plaintiff’s protection.
*649 “(3) Where plaintiff himself could avoid danger by checking his approach to it or by stepping out of its path hut fails to do so because of negligent inattention, and defendant knows plaintiff’s position and realizes or has reason to realize his inattention, and after such knowledge and (actual or constructive) realization could have avoided injury by the use of reasonable care.
“(4) Where both plaintiff and defendant are negligently inattentive, but defendant would have discovered and realized plaintiff’s danger, had he exercised the vigilance he owed to plaintiff, in time to avoid injuring plaintiff by the use of reasonable care.”
Appellant relies on the second category for recovery stating that defendant saw or should have seen and appreciated in time the perilous position which Koch occupied.
To support this argument appellant contends the following: At the time Koch was in the middle of the street, defendant’s vehicle was at least 103 feet away. Koch was in a position of peril because the street was narrow, there were eastbound cars on 160th Street rapidly approaching which made it impossible for him to retrace his steps, and the westbound Cantin vehicle was quickly converging. When Koch became aware of his perilous situation he attempted to the best of his ability to get out of peril, but was unable to do so. This, according to appellant, reflects that his negligence had ceased and he was attempting to escape. Although Jeffry Can-tin testified that he first saw Koch when he was in the middle of his lane of travel, appellant contends there is ample evidence to support the conclusion that Cantin should have discovered and appreciated Koch’s presence and perilous position long before he did.
The question we must answer is whether defendant can be held to this constructive notice under the facts.
In Douglas v. Hackney, Fla.1961, 133 So.2d 301, a woman was fatally injured while crossing a busy thoroughfare at night. The accident did not occur at an intersection and the evidence supported a conclusion that defendant was proceeding at a lawful and reasonable rate of speed. Defendant testified he did not see the decedent. The Supreme Court held that the trial court was correct in not instructing the jury on the last clear chance doctrine in a situation in which there was no clear factual basis for an inference that defendant driver saw or should have seen the decedent pedestrian sufficiently in advance of the impact to enable the driver to avoid the collision. The court stated:
“We again remind that an instruction on the doctrine of last clear chance should be given only where the evidence clearly demonstrates its applicability. It is by no means a routine judicial observation to be included perfunctorily in the jury instructions in negligence cases.”
The rule that emerges from Douglas and cases which follow, Perdue v. Copeland, Fla.1969, 220 So.2d 617; Williamson v. Guerra, Fla.App.1968, 208 So.2d 302; Wiggen v. Bethel Apostolic Temple, Fla.App.1966, 192 So.2d 796, is that adequate evidentiary support must exist for an instruction on last clear chance to be given. Based upon the facts of the case sub judice, to require the trial judge to instruct the jury on the hypothesis that defendant should have seen decedent in the roadway prior to the time he actually saw him, would be to authorize a verdict entirely upon conj ecture.
Defendant, in the instant case, was lawfully proceeding and when he became aware of Koch he could not turn to the left to avoid the accident due to oncoming traffic, nor could he turn to the right since this path would have taken him directly into the decedent. The testimony of all of the witnesses, including appellant, was that appellee could not avoid the accident.
*650 A trial judge should be extremely cautious in granting a request for an instruction on last clear chance and such charge should only be given when the evidence clearly demonstrates the applicability of the doctrine. Wilder v. Van Dorn, Fla.App.1967, 201 So.2d 775. From the foregoing we conclude that the trial court acted within its discretion and in accordance with established principles of law when it denied appellant’s request for the instruction in question.
We have carefully considered appellant’s remaining points on appeal by which she challenges the correctness of the trial court’s ruling and find them to be without merit.
The judgment appealed is accordingly affirmed.
Affirmed.
CARROLL, J„ dissents.