PER CURIAM.
Plaintiff seeks review of an adverse final judgment rendered pursuant to a jury verdict in a pedestrian personal injury case.
The accident occurred at the intersection of 17th Street and Washington Avenue in Miami Beach, Florida when plaintiff, an eighty year old woman, attempted to cross the street and was struck by defendants’ automobile. Both parties allege they were given the right of way in the intersection by the favorable traffic signal. Defendant, exercising reasonable care, was law *75 fully proceeding east on 17th Street and was halfway through the intersection when he saw plaintiff proceeding south in the eastern pedestrian crosswalk approximately one third of the way across the intersection. Defendant, upon seeing plaintiff, immediately applied the brakes but he was not able to avoid hitting the woman. Evasive action by defendant was impossible since turning to' the left would have taken the car straight into plaintiff. Another car passed defendants’ vehicle on the right thereby precluding any maneuver in that direction. At trial the judge refused to instruct the jury on the doctrine of last clear chance and following an adverse jury verdict, plaintiff brings this appeal and seeks a determination of the applicability of this doctrine.
Drivers of automobiles have a duty to look out for pedestrians and to avoid creating hazardous situations. In the instant case the question that arises is whether defendant should have seen plaintiff prior to the time he first saw her and applied his brakes. The record on appeal cannot support an affirmative answer to this question without stepping into the realm of conjecture.
In the recent case of Koch v. Cantin, Fla.App. 1972, 263 So.2d 647, Third District Court of Appeal, Opinion filed June 13, 1972:
“The rule that emerges from Douglas [v. Hackney, Fla.1961, 133 So.2d 301] and cases which follow, Perdue v. Copeland, Fla. 1969, 220 So.2d 617; Williamson v. Guerra, Fla.App. 1968, 208 So.2d 302; Wiggen v. Bethel Apostolic Temple, Fla.App. 1966, 192 So.2d 796, is that adequate evidentiary support must exist for an instruction on last clear chance to be given. Based upon the facts of the case sub judice, to require the trial judge to instruct the jury on the hypothesis that defendant should have seen decedent in the roadway prior to the time he actually saw him, would be to authorize a verdict entirely upon conjecture.”
Under the facts of the instant case to agree with the appellant’s contention that defendant should have seen appellant prior to the time he actually observed her would in our view extend the degree of reasonable care and vigilance which the law requires.
An examination of plaintiff’s remaining point on appeal does not reveal reversible error.
The judgment appealed herein is affirmed.
Affirmed.