299 So.2d 114 (1974)
BADER BROTHERS TRANSFER & STORAGE, INC., a Florida Corporation, Appellant,
v.
Eddie L. CAMPBELL et al., Appellees.
No. 73-1466.
District Court of Appeal of Florida, Third District.
June 25, 1974.
Rehearing Denied September 12, 1974.
Hubert G. Roberts, Hialeah, and Francis E. Holden, Jr., Tallahassee, for appellant.
Miller & Squire, Ft. Lauderdale, for appellees.
Before HENDRY and HAVERFIELD, JJ., and SMITH, SAMUEL, Associate Judge.
HAVERFIELD, Judge.
Defendant-appellant seeks review of an adverse final judgment entered upon a *115 jury verdict in favor of plaintiff-appellees in this action for breach of contract.
Plaintiffs were employed by the defendant-appellant, Bader Brothers Transfer & Storage, Inc., during the years 1967, 1968 and 1969 in the capacity of moving van drivers. Their compensation therefor was computed on a percentage of the gross revenues produced on long distance hauls. From the gross earnings of each employee, 10% thereof was deducted and applied to a "truck fund" for each driver to purchase the particular tractor he drove. Before any portion of the 10% could be so supplied, all costs of maintenance were deducted. Title to these tractors remained in the name of the defendant corporation until such time as each tractor was paid for in full by the respective funds therefor. Before any of the plaintiffs had accumulated sufficient funds to purchase their respective tractors, they discontined their employment with the defendant and upon their termination, demanded that the defendant pay them the sums collected for and deposited in their individual "trucking accounts". In response thereto, appellant offered to transfer title to the plaintiff-drivers upon each driver paying the remaining balance of the amount previously set as the value of each truck. Plaintiffs-appellees refused to comply therewith and defendant-appellant refused to return to them the monies in their "truck accounts". Thereupon, plaintiffs instituted the instant action for recovery thereof. The cause came on for trial by jury during which the defendant moved for a directed verdict. This motion was denied. At the close of the trial, both parties submitted their requested charges to the jury. However, the trial judge accepted none of these and proceeded to give the jury his own instructions. The jury returned a verdict in favor of plaintiffs Campbell, Carr and Bellamy for $5,500 each plus costs and in favor of plaintiff Seay for $3,000 plus costs. Defendant's motions for new trial and judgment in accordance with motion for directed verdict were denied. Thereafter, judgment was entered on the jury verdicts. Defendant appeals therefrom.
Appellant first contends that the trial court improperly denied the defendant's motion for a directed verdict since this action is brought on an oral contract which is clearly within the Statute of Frauds. We cannot agree.
In essence, the instant case consists of an action to recover monies earned pursuant to written settlement sheets.
A memorandum of a contract required by the Statute of Frauds (Fla. Stat. § 725.01 F.S.A.) may consist of several writings containing evidence therein from which the whole contract may be made out. See 15 Fla.Jur. Frauds, Statute of § 10 (1957). Further, a memorandum that is adequate to satisfy the requisites of the Statute of Frauds may be in almost any possible form. Rank v. Sullivan, Fla.App. 1961, 132 So.2d 32 at 36.
The settlement sheets which were introduced into evidence explicitly show the gross amount of each haul made by the respective plaintiffs, the amount of repairs and other expenses, the amount deducted for the individual "truck funds", the balance due the individual plaintiff drivers, and payment thereof by the defendant company. Thus, we conclude that these settlement sheets constitute sufficient memoranda to satisfy the Statute of Frauds.
Appellant also contends the court erred in failing to give the defendant's requested jury instructions.
It affirmatively appears from the record that defendant-appellant did not object to the trial court's instructions to the jury and, therefore, he now is precluded from raising the issue for the first time on appeal. See, e.g., Zutell v. Sunrise Oldsmobile, Inc., Fla.App. 1971, 252 So.2d 822. Thus, this argument of appellant must fail.
*116 We also have considered appellant's remaining points on appeal and find them to be without merit.
Accordingly, the judgment herein appealed is hereby affirmed.
Affirmed.