303 So.2d 336 (1974)
SEARS, ROEBUCK & COMPANY, a Foreign Corporation, and Lawnlite Company, Appellants,
v.
Milton McAFOOS, Appellee.
No. 73-1460.
District Court of Appeal of Florida, Third District.
October 29, 1974.
Rehearing Denied December 9, 1974.
Wicker, Smith, Pyszka, Blomqvist & Davant, Miami, for appellants.
Horton, Perse & Ginsberg; Brumer, Moss, Cohen & Rodgers, Miami, for appellee.
Before BARKDULL, C.J., and HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Defendant-appellants appeal an adverse final judgment awarding plaintiff the sum of $130,000 plus costs in this personal injury action.
*337 On May 11, 1972 plaintiff-appellee, Milton McAfoos, purchased from defendant-appellant, Sears, Roebuck and Company, an eight foot aluminum extension ladder which defendant Sears' salesman assured plaintiff was safe and sufficient to use in painting the outside of his house. The ladder was sold as a Sears' product, but was manufactured for Sears by defendant-appellant Lawnlite. On May 23, 1972 while plaintiff was standing on the ladder painting his house, the ladder collapsed and plaintiff fell to the ground and, as a result thereof, sustained serious injury. Thereafter, plaintiff filed the instant action for damages against the defendant-appellants Sears Roebuck and Company and Lawnlite. The cause proceeded to a jury trial at the conclusion of which the jury entered a verdict in favor of the appellee in the amount of $130,000. Final judgment was entered thereon after denial of defendants' post trial motions, including a motion for new trial. This appeal ensued.
Defendants first contend that plaintiff's expert's testimony was based on a demonstrably false assumption and therefore the case should be remanded for a new trial. We cannot agree.
As to this issue, the record reflects that in pretrial motions plaintiff requested drawings from which the subject ladder was constructed. In response thereto, defendant company sent plans for the 8, 10, 12 and 14 foot extension ladders which came to be known as the "Anderson drawings", which at the onset of the trial were stipulated to as being authentic and ultimately admitted into evidence. Plaintiff's expert witness studied these drawings and testified at the trial that the subject ladder did not conform to the specifications contained in Anderson drawing XC-18-33 with regard to the thickness of the metal used in the construction thereof. No objection thereto was made by defense counsel at that time. Subsequently, defense counsel discovered that plaintiff's expert had been referring to the plan for the 14 foot ladder rather than the plan for the 8 foot ladder. Defendants' experts testified that plaintiff's expert had used the wrong plan and that the ladder was made according to specifications. Appellants having failed to make timely objection to the complained of expert testimony at the trial, they now are precluded from raising the same as error for the first time on appeal. See e.g. Zutell v. Sunrise Oldsmobile, Inc., Fla.App. 1971, 252 So.2d 822. Further, the error on the part of plaintiff's expert was caused in part by the negligence of the defendants in supplying plaintiff with the drawings and design data not only for the 8 foot ladder but the 10, 12 and 14 foot ladders and therefore appellants cannot now be heard to complain.
Defendant-appellants additionally contend that the trial court erred in refusing to grant their motion for new trial based upon the alleged improper remarks of plaintiff's counsel made to the jury during the course of the trial and again during his closing argument.
Generally, if reversible error is predicated upon the alleged improper or inflammatory remarks of opposing counsel, objection thereto must be made at the time these remarks are presented to the jury so that the trial court may have the opportunity to rule upon the objection and at the same time to instruct the jury so as to remove the effect of the improper argument. See 32 Fla.Jur. Trial § 136 (1960) and cases cited therein. An examination of the record on appeal demonstrates that defense counsel failed to make timely objection to the remarks complained of and thus defendants are precluded from raising such objection for the first time on appeal.
We also have considered appellants' remaining point on appeal and find it to be without merit.
Accordingly, the judgment herein appealed is affirmed.
Affirmed.